FILED
APR 20 2006
U.S. COURT OF FEDERAL CLAIMS

FILED
BILLINGS, MT
2006 JAN 18 PM 3 27
PATRICK E. DUFFY, CLERK
BY Susan L. Nybo
DEPUTY CLERK
#62

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BUTTE DIVISION**

| | |
|---|---|
| **TERESA KIM LANGE,** <br><br> **Plaintiff,** <br><br> **vs.** <br><br> **ANN M. VENEMAN, SECRETARY, UNITED STATES DEPARTMENT OF AGRICULTURE, FOREST SERVICE,** <br><br> **Defendants.** | **CV-03-61-** 06-306 C <br><br> **ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF FEDERAL CLAIMS** |

On July 24, 2003 Plaintiff Teresa Kim Lange filed an employment discrimination suit against her employer, the United States Forest Service ("USFS"). Defendants were subsequently granted summary judgment on Counts I and II, but denied summary judgment on Count III. On December 12, 2005, this Court granted Defendants' Motion for Leave to File a Motion to Dismiss Beyond the Court's Motion Deadline. Presently before the Court is Defendants' Motion to Dismiss or Transfer to the Federal Court of Claims.

The only remaining count of Plaintiff's Complaint is Count III, which is based on the Equal Pay Act. The "Big" Tucker Act and the "Little" Tucker Act contain jurisdictional rules for suits against the United States brought under federal statutes. The "Little" Tucker Act provides concurrent jurisdiction to the United States Court of Federal Claims and the United States District Court over claims founded on federal statutes that do not exceed $10,000. 28 U.S.C. § 1346(a)(2). The "Big" Tucker Act grants the United States Court of Federal Claims jurisdiction

over "any claim against the United States founded" upon federal law. 28 U.S.C. § 1491(a)(1). Federal Courts have repeatedly construed these statutes as granting the United States Court of Claims exclusive jurisdiction over Equal Pay Act claims exceeding $10,000. *E.g., Schrader v. Tomlinson,* 311 F.Supp.2d 21, 26 (D. D.C. 2004); *Barnes v. Levitt*, 118 F.3d 404, 410 (5th Cir. 1997); and *Huddleston v. Donovan*, 524 F.Supp. 179, 180 (N.D. Ill. 1981). Plaintiff apparently does not dispute the fact that her claim exceeds $10,000, as she has requested that her Equal Pay Act claim be transferred to the Court of Federal Claims rather than having it dismissed. *Plaintiff's Response to Defendants' Motion to Dismiss or Transfer,* page 3 (September 16, 2005).

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Transfer to the Federal Court of Claims (*Doc. #59*) is **GRANTED**. This case is transferred to the United States Court of Federal Claims pursuant to 28 U.S.C. § 1631.

The Clerk is directed to notify the parties of the making of this Order.

DATED this 18th day of January, 2006.

RICHARD F. CEBULL
U.S. DISTRICT JUDGE

CERTIFICATE OF MAILING
DATE: 1/18/06 BY: ___
I hereby certify that a copy of this order was mailed to:
Greg Black
Tim Caven

UNITED STATES OF AMERICA
DISTRICT OF MONTANA } SS.

I, PATRICK E. DUFFY, Clerk of the United States District Court for the District of Montana, hereby certify that the above and foregoing is a true copy of the original now on file in my office

Dated the ___ day of April, 2006.
PATRICK E. DUFFY, Clerk

By ___
Deputy