ORIGINAL

FILED
JUL 14 2006
U.S. COURT OF FEDERAL CLAIMS

Gregory C. Black
CORETTE POHLMAN & KEBE
129 West Park Street
P.O. Box 509
Butte, Montana 59703
Telephone: (406) 782-5800
Facsimile: (406) 723-8919

Attorneys for Plaintiff

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| TERESA KIM LANGE, Plaintiff, | No. 06-306C<br>Judge Mary Ellen Coster Williams |
| -vs- | **AMENDED/TRANSFER COMPLAINT** |
| MIKE JOHANNS, SECRETARY, UNITED STATES DEPARTMENT OF AGRICULTURE, FOREST SERVICE, Defendant. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

For her Amended/Transfer Complaint in the above entitled matter, plaintiff alleges:

1. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 1346 in that this is a claim under the Equal Pay in Employment Act, 29 U.S.C. § 206(d), and plaintiff seeks to recover a sum in excess of $10,000. This case comes to this court pursuant to an Order Transferring Case from the United States District Court for the District of Montana, Butte Division, Cause No. CV-03-61-BU-RFC.

2. Plaintiff Teresa Kim Lange ("Lange") is a female who has been a federal employee since 1972. Lange has been a GS-802-7 Civil Engineering Technician since 1991. She was inspector certified since 1993 and COR certified since 1997. Lange became a

GS-9 Realty Specialist in 2003.

3. The United States Department of Agriculture ("USDA") is an administrative agency of the United States Government with its principal offices located at the United States Department of Agriculture in Washington, D.C. Mike Johanns is the Secretary of the USDA and is named in his capacity as head of the USDA. In that capacity, Johanns oversees a certain agency known as the Forest Service.

4. Within the time prescribed by law, plaintiff filed an informal EEO Complaint against the Forest Service alleging discrimination based upon her sex, reprisal and violations of the Equal Pay in Employment Act.

5. Those complaints were not resolved on an informal basis, and on June 29, 2001, plaintiff timely filed a formal EEO complaint concerning sex discrimination, hostile work environment, reprisal and violations of the Equal Pay in Employment Act. The United States District Court for the District of Montana dismissed Lange's claims under the Civil Rights Act of 1964, as amended.

6. In 1997, at the urging of management on the Beaverhead-Deerlodge National Forest ("BDNF"), plaintiff devoted substantial time to become COR certified in her position. By obtaining her COR certification, plaintiff became a more valuable employee who could perform a wider range of duties as a Civil Engineering Technician.

7. At the request of management, plaintiff prepared a position description with the assistance of her supervisor in an effort to describe accurately what duties plaintiff was performing. That position description was sent to personnel for

classification. The results of that classification were received on October 3, 2000. The classification showed that plaintiff was performing GS-9 level work.

8. A personnel officer advised management to either noncompetitively promote plaintiff or to redistribute her grade-controlling job duties. Management refused to noncompetitively promote plaintiff even though management had noncompetitively promoted males in the BDNF and other males within the region. Management attempted to rationalize its refusal to noncompetitively promote plaintiff on the basis that plaintiff did not perform her COR duties on a year-round basis, even though those duties are related to construction, and management was fully aware that construction work on the BDNF is seasonal only.

9. In the BDNF, management had targeted the civil engineering personnel to have GS-7, GS-9 and GS-11 employees in the Butte office. The GS-7 and GS-9 positions were filled by females, and plaintiff qualified to fill the GS-9 targeted position. Nevertheless, management refused to consider a noncompetitive promotion for plaintiff.

10. Another male working for the Forest Service was promoted to a GS-9 level upon receipt of his COR certification. Other males on the BDNF received noncompetitive promotions.

11. Plaintiff performed the same duties as male GS-9 Civil Engineering Technicians, both on the BDNF and on other national forests.

12. Despite performing duties at the GS-9 level, as shown by the classification of Lange's position description, management

refused to properly compensate plaintiff for her job duties so performed. Males who performed duties higher than their GS level were noncompetitively promoted and properly compensated. An additional male engineering technician on the BDNF is paid at the GS-7 level and has the same job description as Lange, but cannot perform some of those job duties because he has not been able to pass required tests for certification to perform those duties.

13. The Forest Service has willfully violated the provisions of the Equal Pay in Employment Act. As a direct and proximate result of these violations, plaintiff is entitled to back pay and increased benefits, plus interest, during the time she should have been paid as a GS-9.

WHEREFORE, plaintiff respectfully requests the following relief:

1. Back pay, plus prejudgment interest.
2. Back benefits differential, plus prejudgment interest.
3. Liquidated damages under the Equal Pay Act.
4. Attorney fees and costs of suit.
5. Such other relief which the court deems just.

DATED this 11th day of July, 2006.

CORETTE POHLMAN & KEBE

By ______________________

129 West Park Street
P.O. Box 509
Butte, Montana 59703
Telephone: (406) 782-5800
Facsimile: 406) 723-8919
Attorneys for Plaintiff