IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TERESA KIM LANGE, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-306C (Judge Williams) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and asserts as follows:

1. The allegations contained in the first sentence of paragraph one are conclusions of law and plaintiff's characterization of her case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. The allegation contained in the second sentence of paragraph one is admitted to the extent supported by the order cited, which is the best evidence of its contents; otherwise denies the allegation contained in the second sentence of paragraph one.

2. Defendant denies the allegation contained in the first sentence of paragraph two, that plaintiff has been a Federal employee since 1972. Admits the allegation contained in the second sentence of paragraph two. Denies the allegations contained in the third sentence of paragraph two. Admits the allegation contained in the fourth sentence of paragraph two.

3. Admits.

4. Admits the allegations contained in paragraph four, that plaintiff filed an informal EEO complaint against the Forest Service alleging discrimination based upon her sex, reprisal and violations of the Equal Pay in Employment Act; the remaining allegation contained in paragraph four is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

5. Admits the allegations contained in the first sentence of paragraph five, that plaintiff's complaint was not resolved on an informal basis, and that plaintiff filed a formal EEO complaint concerning sex discrimination, hostile work environment, reprisal and violations of the Equal Pay in Employment Act. The remaining allegation contained in the first sentence of paragraph five, that plaintiff "timely" filed a formal EEO complaint, is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied. The allegation contained in the second sentence of paragraph five is admitted to the extent supported by the court's order, which is the best evidence of its contents; otherwise denies the allegation contained in the second sentence of paragraph five.

6. Admits the allegation contained in the first sentence of paragraph six, that plaintiff became COR certified in her position in 1997; denies the remaining allegations contained in

the first sentence of paragraph six for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the second sentence of paragraph six, that by obtaining her COR certification, plaintiff could perform a wider range of duties as a Civil Engineering Technician; denies the remaining allegation contained in the second sentence of paragraph six for lack of knowledge or information sufficient to form a belief as to its truth.

7. Admits the allegation contained in the first sentence of paragraph seven, that plaintiff prepared a position description at the request of management, in an effort to describe accurately what duties she was performing; denies the allegation that plaintiff prepared a position description with the assistance of her supervisor, for lack of knowledge or information sufficient to form a belief as to its truth. Admits the allegations contained in the second and third sentences of paragraph seven. Admits the allegation contained in the fourth sentence of paragraph seven to the extent supported by the classification cited, which is the best evidence of its contents; otherwise denies the allegation contained in the fourth sentence of paragraph seven.

8. Admits the allegation contained in the first sentence of paragraph eight. Admits the allegations contained in the second sentence of paragraph eight, that management had noncompetitively

promoted males in the BDNF and other males in the region; defendant asserts that management also had noncompetitively promoted females in the BDNF and the region. Denies the allegation contained in the second sentence of paragraph eight, that management "refused" to noncompetitively promote plaintiff; defendant asserts that management decided to remove plaintiff's grade-controlling duties rather than to noncompetitively promote her. Denies the allegation contained in the third sentence of paragraph eight, that management attempted to rationalize its decision to noncompetitively promote plaintiff upon the basis that she did not perform her COR duties on a year-round basis; admits the remaining allegation contained in the third sentence of paragraph eight.

9. Denies the allegations contained in paragraph nine. Defendant asserts that, according to an approved organizational chart dated July 16, 2001, the engineering organization in Butte, Montana was comprised of a GS-802-11 and two GS-802-7 positions. A female filled the GS-11 position. Management decided not to noncompetitively promote plaintiff, who filled one of the GS-7 positions, and the other was vacant.

10. Denies the allegation contained in the first sentence of paragraph ten for lack of knowledge or information sufficient to form a belief as to their truth, inasmuch as the allegation is too vague to investigate. Admits the allegation contained in the

second sentence of paragraph ten; defendant asserts that females in the BDNF also received noncompetitive promotions.

11. Denies.

12. Denies the allegation contained in the first sentence of paragraph 12. Denies the allegations contained in the second and third sentences of paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth, inasmuch as the allegations are too vague to investigate.

13. The allegations contained in paragraph 13 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

14. Denies that plaintiff is entitled to the relief requested in her prayer for relief immediately following paragraph 13 or to any relief whatsoever.

15. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Steven J. Gillingham

STEVEN J. GILLINGHAM
Assistant Director

s/ Lauren S. Moore

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-6288
Facsimile: (202) 514-8640

Attorneys for Defendant

NOVEMBER 13, 2006

**CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that on the 13th day of NOVEMBER, 2006, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and that the parties may access this filing through the Court's system.

/s/ Lauren S. Moore