IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TERESA KIM LANGE, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-306C<br>(Judge Williams) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims, counsel for plaintiff and defendant respectfully submit the following joint preliminary status report.

4a. Jurisdiction:

The plaintiff believes that the Court possesses jurisdiction to entertain and to decide this action pursuant to 28 U.S.C. § 1346 and 29 U.S.C. § 206(d). Defendant is currently unaware of any reason why the Court would not have jurisdiction to entertain and decide this action. Defendant asserts, however, that under the three-year statute of limitations applicable to willful violations of the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("EPA"), this Court lacks subject-matter jurisdiction over that portion of Ms. Lange's claim that accrued more than three years before the date that she filed her complaint in the United States District Court for the District of Montana, Butte Division ("district court") on July 24, 2003. Plaintiff disputes defendant's position of the statute of limitations and asserts

that the district court has already ruled on defendant's statute of limitations defense, rejecting this defense. See Order dated January 26, 2005, pp. 10-11.

b. Consolidation:

The parties agree that this case should not be consolidated with any other case.

c. Bifurcation:

The parties currently do not believe that this case should be bifurcated.

d. Deferral:

The parties agree that this case should not be deferred pending the resolution of any other case, or transferred or remanded to another tribunal.

e. Remand/Suspension:

Neither party seeks a remand or suspension at this time.

f. Joinder:

Neither party intends to join additional parties at this time.

g. Dispositive Motions:

Counsel for defendant anticipates that defendant will file a dispositive motion in this case on or before February 28, 2007.[1]

[1] Pursuant to Appendix A, paragraph 5, the parties do not believe that they need to conduct discovery in this case. Discovery was conducted by the parties prior to the transfer of this case to this Court from the district court.

h. Relevant Issues:

Based upon a preliminary review of the case, the parties believe that the following issues are relevant in this case:

1. Whether the United States violated the EPA by the decision to not promote plaintiff, Theresa Lange, to a GS-9 position;

2. Assuming that the response to issue one above is in the affirmative, whether the violation was willful as defined in the EPA; and

3. Assuming that the answer to issue one or two is in the affirmative, whether the United States is liable to Ms. Lange for any difference in salary, lost benefits, liquidated damages, prejudgment interest, or attorney fees and costs, and if so, in what amount.

Plaintiff believes that the following issues are relevant in this case:

1. Whether the order of the district court dated January 26, 2005, rejecting defendant’s statute of limitations defense, is the law of the case, thereby precluding any further motions by defendant concerning that defense. Alternatively, whether defendant is estopped from raising the statute of limitations as a defense for its failure to comply with time requirements for decisions in the required administrative portion of plaintiff’s civil rights claims, whether the statute of limitations is tolled

during the administrative portion of plaintiff's civil rights claims, and whether the continuing violations doctrine applies to defendant's statute of limitations defense; and

2. Whether the United States violated the EPA by the decision to not promote plaintiff, Theresa Lange, to a GS-9 position upon passing the Contracting Officer Representative ("COR") written and oral tests and being given assignments requiring her to use her COR designation, when defendant awarded Randy Scott (a male) a GS-9 position immediately upon his passing the COR tests.

Defendant believes that the following issue is relevant:

Whether, under the three-year statute of limitations applicable to willful violations of the EPA, this Court lacks subject-matter jurisdiction over that portion of Ms. Lange's claim that accrued more than three years before the date that she filed her complaint in the district court, on July 24, 2003.

i. Settlement:

The parties will explore the possibility of settlement, if appropriate, as this case progresses.

The parties reserve their right to request a full evidentiary trial of this matter and do not request arbitration or mediation at this time. The parties will continue to consider these alternatives to litigation throughout the course of these proceedings and will promptly advise the Court of any further

developments.

j. Trial:

The parties anticipate that a trial will be necessary in the event that this case is not resolved through dispositive motions and/or settlement. The parties request that they be allowed to file status reports 30 days after the Court's ruling upon either party's dispositive motion, regarding the necessity for trial.

k. Electronic Case Management Needs:

The parties recognize that this is an electronically-managed case and intend to file all documents in accordance with the Court's procedures for electronic filings.

l. Additional Information:

The parties are not aware of any additional information which the Court should be made aware of at this time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Steven J. Gillingham

STEVEN J. GILLINGHAM
Assistant Director

s/ Gregory C. Black

GREGORY C. BLACK
129 West Park Street
P.O. Box 509
Butte, Montana 59703
Tele: (406) 782-5800
Fax: (406) 723-8919

Attorney for Plaintiff

s/ Lauren S. Moore

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-6288
Fax: (202) 514-8640

Attorneys for Defendant

JANUARY 18, 2007

**CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that on the 18th day of JANUARY, 2007, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system and that parties may access this filing through the Court’s system.

/s/ Lauren S. Moore