**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**TERESA KIM LANGE,**

**Plaintiff,**

**v.**

**THE UNITED STATES OF AMERICA,**

**Defendant.**

# DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

**PETER D. KEISLER**
**Assistant Attorney General**

**JEANNE E. DAVIDSON**
**Director**

**STEVEN J. GILLINGHAM**
**Assistant Director**

**LAUREN S. MOORE**
**Attorney**
**Commercial Litigation Branch**
**Civil Division**
**Department of Justice**
**1100 L Street, N.W.**
**Attn: Classification Unit**
**8th Floor**
**Washington, D.C. 20530**
**Tele: (202) 616-0333**
**Fax: (202) 514-8640**

**OF COUNSEL:**

**TOM BARNETT**
**Attorney**
**Department of Agriculture**

**March 15, 2007**

**Attorneys for Defendant**

## TABLE OF CONTENTS

DEFENDANT'S MOTION FOR PARTIAL DISMISSAL . . . . . . . . . . . . 1

DEFENDANT'S BRIEF . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE ISSUE . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . 2

I. Nature Of The Case . . . . . . . . . . . . . . . . . . . 2

II. Statement Of Facts . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

**CASES:** **PAGES:**

Brown Park Estates-Fairfield Dev. Co. v. United States,
127 F.3d 1449 (Fed. Cir. 1997) . . . . . . . . . . . . . 9, 10

Cupey Bajo Nursing Home, Inc. v. United States,
23 Cl. Ct. 406, 411-12 (1991) . . . . . . . . . . . . . . . . 1

Fidelity & Deposit Co. v. United States,
2 Cl. Ct. 137, 142 (1983) . . . . . . . . . . . . . . . . . . 1

Friedman v. United States,
159 Ct. Cl. 1, 310 F.2d 381 (1962) . . . . . . . . . . . . 10

Land v. Dollar,
330 U.S. 731 (1947) . . . . . . . . . . . . . . . . . . . . . 1

National R.R. Passsenger Corp.v. Morgan,
536 U.S. 101 (2002) . . . . . . . . . . . . . . . . . . . . 10

Nerseth v. United States,
17 Cl. Ct. 660, 664 (1989) . . . . . . . . . . . . . . . . . 11

Unexcelled Chem. Corp. v. United States,
345 U.S. 59, 65-66 (1953) . . . . . . . . . . . . . . . . . 11

Weber v. United States,
71 Fed. Cl. 717 (2006) . . . . . . . . . . . . . . . . . passim

Wells v. United States,
420 F.3d 1343 (Fed. Cir. 2005) . . . . . . . . . . . . . . . 9

**STATUTES:**

28 U.S.C. § 1491(a)(1) . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. § 1631 . . . . . . . . . . . . . . . . . . . . . . . . 6

29 U.S.C. § 206 . . . . . . . . . . . . . . . . . . . . . . . . 2

29 U.S.C. § 216(b) . . . . . . . . . . . . . . . . . . . . . . . 7

29 U.S.C. § 255 . . . . . . . . . . . . . . . . . . . . . . . . 7

29 U.S.C. 255(a) . . . . . . . . . . . . . . . . . . . . . . . . 7

42 U.S.C. § 2000e-2(h) . . . . . . . . . . . . . . . . . . . . 10

**REGULATIONS:**

29 C.F.R. § 1614.408 . . . . . . . . . . . . . . . . . . . passim

# INDEX TO DEFENDANT'S APPENDIX


| Document | Page(s) |
|---|---|
| 1. Notification of Personnel Action, dated August 28, 1988 | 1 |
| 2. Notification of Personnel Action, dated June 2, 1991 | 2 |
| 3. Ms. Lange's CCP Profile History | 3 |
| 4. Letter designating Ms. Lange as COR, dated July 17, 1998 | 4 |
| 5. Document designating Ms. Lange as COR, dated September 28, 1998 | 5 |
| 6. Deposition Transcript of Ms. Lange, dated April 26, 2004 | 6-33 |
| 7. Electronic mail and attached revised position description for Ms. Lange, dated June 6, 2000 | 34-39 |
| 8. Request for Personnel Action, dated June 9, 2000 | 40-41 |
| 9. Electronic mail and attached memo regarding classification of Ms. Lange's position, dated October 3, 2000 | 42-44 |
| 10. Notification of Personnel Action, dated September 24, 2000 | 45 |
| 11. Request for Personnel Action, dated September 14, 2000 | 46-47 |
| 12. Electronic mail and attached document, dated September 29, 2000 | 48-51 |
| 13. Letter regarding meeting for Ms. Lange's grievance, dated October 19, 2000 | 52-53 |
| 14. Notification of Personnel Action, dated November 5, 2000 | 54 |
| 15. Document entitled, "Applicant Biographical Sketch" | 55-58 |

16. Memorandum to Ms. Lange, dated July 7, 2003 ...... 59

17. Complaint filed in district court, dated July 24, 2003 .................................... 60-68

18. District Court cover page and Order, dated January 26, 2005 ................................ 69-80

19. District Court cover page and Order, dated January 18, 2006 ................................ 81-83

20. Final Agency Decision, undated .................... 84-93

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TERESA KIM LANGE, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-306C |
| | ) | (Judge Williams) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims, and this Court's oral order dated February 8, 2007, defendant, the United States, respectfully requests that the Court grant our motion for partial dismissal. In support of this motion, we rely upon the pleadings and the following brief and appendix.[1]

[1] In a 12(b)(1) motion to dismiss for lack of jurisdiction, defendant is entitled to introduce matters outside of the pleadings. Land v. Dollar, 330 U.S. 731, 735 n.4 (1947); Cupey Bajo Nursing Home, Inc. v. United States, 23 Cl. Ct. 406, 411-12 (1991). See also Fidelity & Deposit Co. v. United States, 2 Cl. Ct. 137, 142 (1983), citing 6 J. Moore, Moore's Federal Practice | 56.03. Indeed, this Court has determined that "it would be fundamental error for [the Court] to convert the subject RUSCC 12(b)(1) motion to dismiss for lack of jurisdiction into a RUSCC 56 motion for summary judgment merely because the defendant has submitted evidence outside of the pleadings." Cupey Bajo Nursing Home, 23 Cl. Ct. at 412. Therefore, we have submitted an appendix to this motion, which was not included with the complaint, but nonetheless is pertinent to a determination of the Court's jurisdiction.

## DEFENDANT'S BRIEF

## STATEMENT OF THE ISSUE

Whether Ms. Lange's claim is partially barred by the applicable statute of limitations.

## STATEMENT OF THE CASE

### I. Nature Of The Case

This case arises pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1), and the Equal Pay in Employment Act, 29 U.S.C. § 206 ("EPA"), establishing this Court's jurisdiction. Plaintiff, Teresa Kim Lange, maintains that the Department of Agriculture, Forest Service, willfully violated the provisions of the EPA, and that, therefore, she is entitled to back pay and increased benefits, plus interest, during the time she allegedly should have been paid as a GS-9.

### II. Statement Of Facts

Teresa Kim Lange began working for the Forest Service in 1974. On August 28, 1988, Ms. Lange received a career conditional appointment to a surveying technician, GS-5, with a permanent seasonal guarantee of duty. App. 1.[2] Subsequently, Ms. Lange applied for a civil engineering technician position, GS-7, and was selected. She was promoted to this position on June 2, 1991. App. 2.

---

[2] "App. ___" refers to the appendix attached to this brief.

On May 31, 1997, Ms. Lange took and passed the oral and written exams to become certified as a Contracting Officer's Representative ("COR") for public works contracts. Her COR certificate was awarded on June 1, 1997. App. 3. This certification permitted her to serve as a field representative on Forest Service projects, to ensure that the projects were completed in conformance with project plans and specifications.

On June 17, 1998, Ms. Lange was assigned as a COR to administer an abandoned mine reclamation project. App. 4. Thereafter, on September 28, 1998, she was assigned as a COR to administer another mine reclamation project. App. 5. While performing these duties, Ms. Lange believed that she was performing work above her GS-7 level. App. 17. Employees in the Forest Service who believe they are performing work above grade level can request a position reclassification through a "desk audit." In this process, the Forest Service personnel office reviews the duties and responsibilities that an employee is actually performing, and classifies the position by grade. Ms. Lange did not request a desk audit, but she did discuss with her supervisor and other management personnel in the engineering unit, her belief that she, and others in the engineering unit, were working above their grade levels. Id.

On May 31, 1999, Ms. Lange took and passed the oral and written exams to become certified as an engineering

representative for timber sale contracts. Her certification was awarded on June 1, 1999. App. 3. On November 9, 1999, Ervin Brooks, the Engineering/Lands Staff Officer, requested that all employee position descriptions be updated to reflect actual duties being performed. In response, Ms. Lange submitted a revised position description through her supervisor, Diane Johnston, in June, 2000. App. 34-39. Ms. Lange's updated position description was then forwarded to Mr. Brooks on June 2, 2000. App. 34. At the time, Ms. Lange worked part-time in the Lands section and part-time in the Engineering section. App. 35. Her supervisor of record was Diane Johnston.

Mr. Brooks electronically submitted the position description to Lorri Ghormley, Human Resource Officer, along with a note stating "incorporates both the work we are asking her to perform in engineering and added duties in the lands program section." App. 34. Mr. Brooks thereafter requested that Ms. Lange's position be classified. App. 40-41. His request was approved by the Forest Supervisor on June 9, 2000. App. 40. The position description submitted was reclassified as a GS-9 on October 3, 2000. It was determined by the personnel office that the COR duties being performed by Ms. Lange were "grade controlling," i.e., were the duties which elevated her position description from a GS-7 to a GS-9. App. 42-44. Management was given the option to (1) redistribute the grade-controlling duties to a GS-

9, or (2) non-competitively promote Ms. Lange to a GS-9. Ms. Ghormley notified management that this decision needed to be made by November 4, 2000, as that was the last day of Ms. Lange's temporary promotion. App. 43.

Before the reclassification determination, on September 24, 2000, Ms. Lange was non-competitively, temporarily promoted to a civil engineering technician, GS-9. App. 45-47. The temporary promotion was effected because Ms. Lange's immediate supervisor, Diane Johnston, was on a detail outside the Forest Service. Id. The not-to-exceed date of Ms. Lange's temporary promotion was November 4, 2000. Id.

On September 29, 2000, Ms. Lange filed a grievance with Forest Service management. Ms. Lange's grievance listed a number of issues related to her work and her belief that she should be promoted to a GS-9. See App. 48-51.[3] A meeting was held on October 19, 2000, among Ms. Lange, Ms. Ghormley, and others, to discuss her grievance and the classification that was completed on October 3, 2000. At the meeting it was communicated to Ms. Lange that the decision was made to redistribute her grade-controlling duties, instead of non-competitively promoting her. Ms. Lange's removal of duties was formalized in an October 24,

[3] The agency denied Ms. Lange's grievance. App. 84-93. She also filed a formal EEO complaint of discrimination on July 2, 2001. In her EEO complaint, Ms. Lange alleged that she was subjected to discrimination based upon sex, reprisal, and violation of the Equal Pay Act.

2000 letter, delivered to her on October 25, 2000. App. 52-53. Ms. Lange was returned to her GS-7 position, effective November 5, 2000. App. 54.

Ms. Lange subsequently applied for a GS-9 Realty Specialist position, and was selected for this position on July 13, 2003. App. 55-58; 59. On July 24, 2003, she filed a complaint in the United States District Court for Montana, Butte Division ("district court"), alleging discrimination based on sex, hostile work environment, retaliation based upon her participation in a protected activity, and violation of the Equal Pay Act. App. 60-68. She sought relief from the time she became COR certified in 1997, requesting back pay and benefits, compensatory damages for emotional distress, reinstatement of lost annual and sick leave, and attorney fees.

On January 26, 2005, the district court granted the Government's motion for summary judgment with respect to Ms. Lange's discrimination claims. App. 69-80. Ms. Lange's EPA claim was transferred to this Court on January 18, 2006, pursuant to 28 U.S.C. § 1631.[4] App. 81-83.

---

[4] The district court transferred Ms. Lange's EPA claim to this Court upon the grounds that the district court lacked subject-matter jurisdiction pursuant to the Little Tucker Act, because Ms. Lange's EPA claim exceeded $10,000. App. 82-83.

ARGUMENT

Ms. Lange’s EPA Claim Is Partially Barred By The Applicable Statute Of Limitations

The statute of limitations for an EPA claim is found at 29 U.S.C. § 255, which provides, in part, as follows:

> Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 201, et seq.] ...
>
> (A) if the cause of action accrues on or after May 14, 1947 – may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued ....

29 U.S.C. 255(a).

The statute of limitations for an EPA claim is further defined in 29 C.F.R. § 1614.408, which provides:

> A complaint is authorized under section 16(b) of the Fair Labor Standards Act (29 U.S.C. 216(b)) to file a civil action in a court of competent jurisdiction within two years or, if the violation is willful, three years of the date of the alleged violation of the Equal Pay Act regardless of whether he or she pursued any administrative complaint processing. Recovery of back wages is limited to two years prior to the date of filing suit, or to three years if the violation is deemed willful; liquidated damages in an equal amount may also be awarded. The filing of a complaint or appeal under this part shall not toll the time for filing a civil action.

29 C.F.R. § 1614.408.

Ms. Lange acknowledges that she believed that she was being underpaid for the work she was performing as far back as 1998. App. 17. She discussed her belief with her supervisor in 1998, and raised the issue with other management personnel in February 2000. Id. Further, her COR duties were removed as of November 5, 2000. App. 54. Yet, her complaint was not filed with the district court until July 24, 2003, well past the two-year statute of limitations for non-willful violations. Therefore, Ms. Lange's recovery is limited to any back wages found to have been lost after July 24, 2001, if the violation is found to be non-willful, and after July 24, 2000, if the violation is found to have been willful. With respect to any claim arising out of Ms. Lange's COR duties, because she was removed from those duties as of November 5, 2000,[5] she can claim back wages only for the period July 24, 2000 to November 5, 2000, for a willful violation. Moreover, because she was temporarily promoted to a GS-9 from September 24, 2000, until November 5, 2000, the remedy she seeks for this time period must be excluded from her claim. Thus, the amount of time Ms. Lange can claim for a willful violation of the EPA is from July 24, 2000 to September 24, 2000,

---

[5] In her deposition, Ms. Lange testified that her last project involving COR duties was the LaMarche Poly Road project, which was assigned to her on September 24, 2000, and which lasted a few weeks. App. 15; 18; (Deposition pages 39-40; 52).

a period of two months. The statute of limitations eliminates all of Ms. Lange's pay claims for a non-willful violation.

Ms. Lange's EPA claims are essentially continuing claims. The Federal Circuit Court of Appeals recently addressed the continuing claims doctrine and held that "[i]n order for the continuing claim doctrine to apply, the plaintiff's claim must be inherently susceptible to being broken down into a series of independent and distinct events or wrongs, each having its own associated damages . . . ." Wells v. United States, 420 F.3d 1343, 1345 (Fed. Cir. 2005)(citing Brown Park Estates-Fairfield Dev. Co. v. United States, 127 F.3d 1449 (Fed. Cir. 1997)). In Wells, a military pay case, the Court held that the plaintiff's claim to recover monthly deductions from his retirement pay could be 'broken down into a series of independent and distinct wrongs' such that only those violations that fell within the statutory time period were actionable. 420 F.3d at 1346-47.

In Weber v. United States, 71 Fed. Cl. 717 (2006), this Court recently held that it was barred by the statute of limitations from entertaining that portion of plaintiff's EPA claim that arose prior to three years from the date she filed her complaint in the district court. Id. at 726. In Weber, plaintiff accused her employer, the National Labor Relations Board ("NLRB"), of willfully violating the EPA for work she performed from 1995 to 1998. Plaintiff in Weber thereafter filed

her complaint with the district court on April 19, 2001.

This Court, relying upon National R.R. Passsenger Corp. v. Morgan, 536 U.S. 101 (2002), held that each of plaintiff's allegedly discriminatory paychecks was a separate act for purposes of the statute of limitations. Although Morgan involved a Title VII discrimination claim, this Court equated Title VII and the EPA, as follows:

> Title VII and the Equal Pay Act both relate to workplace practices and thus have an interrelationship. Indeed, Title VII specifically refers to the Equal Pay Act, stating that "[i]t shall not be an unlawful employment practice [and therefore not violate Title VII] for any employer to differentiate upon the basis of sex in determining the amount of the wages or compensation paid or to be paid to employees of such employer if such differentiation is authorized by the provisions of section 206(d) of Title 29." 42 U.S.C. § 2000e-2(h).

Id. at 723. In addition to Morgan, this Court in Weber addressed the Federal Circuit's decision in Brown Park. In Brown Park, the Federal Circuit affirmed the reasoning by the Court of Claims in Friedman v. United States, 159 Ct. Cl. 1, 310 F.2d 381 (1962), that "'periodic pay claims arising [prior to the statutory time period] are barred, but not those arising within'" the statutory time period. Brown Park, 127 F.3d at 1456 (quoting Friedman, 310 F.2d at 384). Clearly, Ms. Lange's claims for unequal pay arising before July 24, 2000, are outside the statute of limitations.

Finally, the fact that Ms. Lange filed a grievance and an EEOC administrative complaint before she filed her district court complaint on July 24, 2003, does not toll the statute of limitations. The Federal regulation which implements the EPA, states that the statute of limitations is two years, or three years from the date of the violation if the violation was willful, regardless of whether a complainant pursued any administrative complaint processing. 29 C.F.R. § 1614.408. Thus, in Weber, this Court held that plaintiff's filing of a formal EEO administrative complaint did not toll the statute of limitations for her alleged violations of the EPA. Weber, 71 Fed. Cl. at 724 (citing Nerseth v. United States, 17 Cl. Ct. 660, 664 (1989); Unexcelled Chem. Corp. v. United States, 345 U.S. 59, 65-66 (1953)).

For these reasons, the Court lacks jurisdiction to entertain Ms. Lange's EPA claim, with the exception of any alleged willful violation accruing between July 24, 2000 and November 5, 2000.

## CONCLUSION

For the reasons stated above, we respectfully request that the Court grant our motion for partial dismissal, and dismiss that portion of Ms. Lange's complaint concerning claims arising before July 24, 2000, with prejudice.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Steven J. Gillingham

STEVEN J. GILLINGHAM
Assistant Director

s/ Lauren S. Moore

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 616-0333
Fax: (202) 514-8640

Attorneys for Defendant

OF COUNSEL:

TOM BARNETT
Attorney
Department of Agriculture

MARCH 15, 2007

**CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that on the 15th day of March, 2007, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and that the parties may access this filing through the Court's system.

/s/ Lauren S. Moore