4) I may request, based on the info from #2 and #3 above, to meet with the same people and discuss my job being reclassified to only one function i.e. lands or engineering.
5) By virtue of the fact that the President of the United States, the Chief of the Forest Service, the Regional Forester, and the local Forest Supervisor all support the Union, that management of this forest be directed to uphold managements agreement to abide by the Master Agreement and that this act be monitored. Those actions by management that reflect the notion that the Union is regarded as negative be dealt with swiftly.
6) I request 3 months of administrative leave to recoup from the stress this job and these circumstances have placed me in.

In following the direction of the Master Agreement, I am submitting this complaint with the first-line officer, Dick Judge.

Kim Lange

CC Lorri Ghormley - Personnel
Cathy Frey – Local 701 President

10/19/2000

Meeting for Kim's grievance.

Those present:

Kim Lange
Lorri Ghormley
Dick Judge
Cathy Frey

First issue was Kim's job audit. Dick Judge stated that he was going to redistribute the GS-9 COR duties that were in Kim's job description, instead of noncompetitively promoting Kim from a GS-7 to GS-9. Dick said that he felt that COR's are tied to the contract on a more time consuming basis than Inspectors. Cathy asked if COR's can be assigned as Inspectors, Dick said yes. Cathy then asked if Inspectors can be assigned as COR's, Dick said no. Cathy then asked if it wouldn't allow Dick more flexibility to have more COR's, who can do both duties, than Inspectors. Dick said no.

Cathy Frey asked why Kim was put through such a painful and challenging testing and would not be compensated for it?

Dick replied: COR knowledge is needed for upcoming projects on the Forest.
As Kim being an inspector, this would help her knowledge base. Dick considers COR certs a learning experience for an inspector.

Cathy Frey asked Dick where he would distribute her duties. Dick could not answer. Cathy asked if he had done a work-load analysis. Dick did not.

Kim informed the group of the recertification criteria in the Construction Certification Handbook. Kim reviewed the minimum 160 hours in a 3-year period for valid certification. In a nutshell, the forest is not following criteria of the construction certification handbook in regards to use of COR's on this forest. The objectives are not being met:

The objective of the certification program is to ensure that persons who administer engineering construction contracts are fully qualified and to provide a uniform and consistent approach to measuring an individual's qualifications.

The question was "WHO" makes decisions on who is certified. Dick replied that the forest engineer recommends to the RO folks who should be certified.

Kim emphasized that she is not the only GS-7 that took became ER/COR certified that felt that this would lead to an upgrade due to COR duties. She has statements from two other employees who thought the same.

ENCLOSURE # 9

Dick said it was a "miscommunication". There was no intent to utilize these employees as COR's, except on a needed basis.

Cathy again asked Dick about projected program. Dick said he needs to look into a crystal ball to project workloads.

Cathy Frey referred to Kim not being treated equally due to union activities. Kim also spoke of an ELMO meeting where Jim became very upset when position descriptions were talked about. He directed his anger at Kim. Kim was speaking as a union official, and before she spoke, made that clear to the group.

Jim made some documented statements to the fact of Kim being a union official.

Guy Adams came into the room to talk about job opportunities regarding lands. Lorri will check out training opportunities from the RO for 5/7/9 trainees. Bottom line, there is no money in lands per Guy. Also, lands is not a forest priority.

Form 50-B
/91
Office of Personnel Management
296-33, Subch. 4

# NOTIFICATION OF PERSONNEL ACTION

| Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| ANGE, TERESA K | 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 | 12/30/54 | 11/05/00 |

**FIRST ACTION** | **SECOND ACTION**

| 5-A. Code | 5-B. Nature of Action | 6-A. Code | 6-B. Nature of Action |
|---|---|---|---|
| 713 | CHG TO LOWER GRADE | | |
| **5-C. Code** | **5-D. Legal Authority** | **6-C. Code** | **6-D. Legal Authority** |
| N8M | REG 335.102 EXC-COMP | | |
| **5-E. Code** | **5-F. Legal Authority** | **6-E. Code** | **6-F. Legal Authority** |
| | | | |

**7. FROM: Position Title and Number**
CIVIL ENGRG TECHNCN
01473102 N5085

**15. TO: Position Title and Number**
CIVIL ENGRG TECHNCN
01011909 N5052

| 8. Pay Plan | 9. Occ Code | 10. Grade/Level | 11. Step/Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ Code | 18. Grade/Level | 19. Step/Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 09 | 03 | 36,880.00 | PA | GS | 0802 | 07 | 07 | 33,915.00 | PA |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| 34,538.00 | 2,342.00 | 36,880.00 | .00 | 31,762.00 | 2,153.00 | 33,915.00 | .00 |

**14. Name and Location of Position's Organization**

**22. Name and Location of Position's Organization**
FOREST SERVICE
NORTH REG #REGION1#
BEAVERHEAD-DEERLODGE NAT'L FOR

AG 110102000004000000 PP 23 2000

**EMPLOYEE DATA**

**23. Veterans Preference:** 1 — 1-None; 2-5 Point; 3-10 Point/Disability; 4-10 Point/Compensable; 5-10 Point/Other; 6-10 Point/Compensable/30%

**24. Tenure:** 1 — 0-None; 1-Permanent; 2-Conditional; 3-Indefinite

**25. Agency Use:**

**26. Veterans Preference for RIF:** YES [ ] NO [X]

**27.** WAIVED

**28. Annuitant Indicator:** 9 NOT APPLICABLE

**29. Pay Rate Determinant:** 0

**30. Retirement Plan:** K FERS AND FICA

**31. Service Comp Date (Leave):** 11/07/80

**32. Work Schedule:** F FULL TIME

**33. Part-Time Hours Per Biweekly Pay Period:**

**POSITION DATA**

**34. Position Occupied:** 1 — 1-Competitive Service; 2-Excepted Service; 3-SES General; 4-SES Career Reserved

**35. FLSA Category:** N — E-Exempt; N-Nonexempt

**36. Appropriation Code:**

**37. Bargaining Unit Status:** 0634

**38. Duty Station Code:** 30-0180-093

**39. Duty Station (City - County - State or Overseas Location):** BUTTE SILVER BOW MT

| 40. AGENCY DATA | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| | | | | |

**45. Remarks**

**46. Employing Department or Agency**
DEPARTMENT OF AGRICULTURE

**50. Signature/Authentication and Title of Approving Official**
DONNA D BEECHER
DIR, OFF HUMAN RESOURCES MGMT

| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date |
|---|---|---|
| AG 11 | 5027 | 11/03/00 |

3-Part 50-315

54

2 - OPF Copy - Long-Term Record - DO NOT DESTROY

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540-01-333-6237

AG 110102000004000000 PP 23 1-2000-BATCH 50275501 000-00 203-02 AG/FO 11-5027

# APPLICANT BIOGRAPHICAL SKETCH

| 1. | Name: | Teresa Kim Lange |
|---|---|---|
| | Vacancy Number: | R102-016-03R |
| | E-Mail address: | klange@fs.fed.us |
| | Mailing Address: | Butte Ranger District |
| | | 1820 Meadowlark Lane |
| | | Butte, MT 59701 |

QUALS ANALYSIS
Realty Spclst GS-1170-5/7/9
Title, Series, Grade
~~Qualifies based on:~~
Work Experience ✓
Education
~~Combo (Edu/WE)~~
Time-in-Grade Req ✓
Initials / Date dly 5-7-03

| 2. | Work Experience: List last 15 years plus any other work experience, which is related to the position being filled. Clearly identify any temporary promotions. Use more than one line for each work experience if necessary. |
|---|---|

| Dates | Position Title, Series, Grade | Agency, Unit, Location |
|---|---|---|
| 11/2000 - Present | Civil Engineering Technician 802 GS 7 | Beaverhead-Deerlodge NF<br>Butte Ranger District<br>1820 Meadowlark Lane<br>Butte, MT 59701 |
| 09/2000 to 11/2000 | Temporary Promotion<br>Civil Engineering Technician 802 GS 9 | Beaverhead-Deerlodge NF<br>Butte Ranger District<br>1820 Meadowlark Lane<br>Butte, MT 59701 |
| 1995-2000 | Civil Engineering Technician 802 GS 7 | Beaverhead-Deerlodge NF<br>Butte Ranger District<br>1820 Meadowlark Lane<br>Butte, MT 59701 |
| 1991 -1995 | Civil Engineering Technician 802 GS 7 | Deerlodge NF<br>Supervisors Office<br>400 N. Main<br>Butte, MT 59701 |
| 11/1990 - 1/1991 | Temporary Promotion<br>Civil Engineering Technician 802 GS 7 | Deerlodge NF<br>Supervisors Office<br>400 N. Main<br>Butte, MT 59701 |
| 2/1990- 11/1990 | Resource Clerk 1101 GS 5 | Deerlodge NF<br>Supervisors Office<br>400 N. Main<br>Butte, MT 59701 |
| 11/1980- 1/1990 | Surveying Technician GS 5 | Deerlodge NF<br>Supervisors Office<br>400 N. Main<br>Butte, MT 59701 |

3. **Applicable Education and Training (beyond high school):**

**Education:**

University of Montana, 1½ years, 48 Credits
Colorado State University - NR 432 Foundations of National Forest Lands Program, 1 Credit

**Training:**

| | | |
|---|---|---|
| COT/COTR Refresher | 3/2003 | 8 hrs. |
| Hazardous Waste Operations and Emergency Response Refresher Course | 4/2002 | 8 hrs. |
| Certificate of Proficiency in knowledge Of Motor Grader operation on aggregate surfaced roads | 5/2001 | 8 hrs. |
| Hazardous Waste Operations and Emergency Response Refresher Course | 1/2001 | 8 hrs. |
| Bureau of Land Management Foundations for Land Tenure | 3/2000 | 24 hrs |
| Engineering Certification: Administration of Timber Purchaser Advanced | 6/1999 | |
| Hazardous Waste Operations and Emergency Response Course | 12/1999 | 40 hrs. |
| Engineering Certification: Asphalt Surface Treatment, Administration Public Works Advance | 1997 | |
| Engineering Certification: Aggregate Base and Surfacing | 6/1996 | |
| International Right of Way Association Land Titles Course 801 | 10/1996 | 16 hrs. |
| NPI, Inc, Construction Contracting | 4/1994 | 40 hrs. |
| Engineering Certification: Roads, Administration Public Works, Administration Timber Purchaser | 5/1993 | |
| I-357 Food Unit Leader | 2/1991 | 32 hrs. |
| International Right of Way Association Land Law Course 101 | 10/1991 | 40 hrs. |
| Butte Vocational Technical Center AutoCAD | 12/1991 | 1 Quarter |
| How to Supervise People | 5/1990 | 8 hrs. |
| EEO – its place in the Federal Government | 4/1989 | 16 hrs. |
| Basic EEO for Non-Supervisory Personnel | 6/1989 | |
| | | |
| I am up to date on CPR/First Aid and Defensive Driving | | |

56

| 4. | Awards, Citations or Special Assignments: |
|---|---|
| | List by date, and include those which are related to the work of this position. |

| | | |
|---|---|---|
| December 2001 | Certificate of Appreciation | Outstanding work on the 2001 OIG Audit dealing with road Rights-of-Way. |
| June 2000 | Certificate of Merit | Exceptional performance in working with conveyance and title documents for the Tobacco Root Land Exchange |
| August 1999 | Certificate of Merit | Exceptional performance and personal sacrifice in Administration of Contracts for 4 Corners and Georgetown Lake Paving |
| July 1999 | Letter of Appreciation | Organizing and reviewing acquisition files for completeness in preparation of posting to Status Records |
| March 1998 | Letter of Appreciation | Support to the Timber Sale Program by completing License Agreements for temporary access to several projects |
| September 1997 | Letter of Appreciation | Assistance to the Regional Office in title case processing for Rights-of-Ways, Purchases, and Donations, |
| February 1989 | Certificate of Merit | Assisting the forest in the title preparation of 12 R/W cases and contract administration of Timber Sale and Public Works Contracts |
| December 1989 | Letter of Appreciation | Conscientious efforts to the Civil Rights Action Group |

| 5. | Performance History: |
|---|---|
| | Are there any past or present supervisors you would prefer we not contact? |

| | | | | |
|---|---|---|---|---|
| No | x | Yes | | If yes, please briefly explain: |

| | | | | | | |
|---|---|---|---|---|---|---|
| [redacted] | Fully Successful: | X | Marginal: | | Unacceptable: | |

List the names and phone numbers of your last three supervisors:

| | |
|---|---|
| Name: Kathy Smith | [redacted] |
| Name: DJ Johnston | [redacted] |
| Name: Jim Mickelson | [redacted] |

List the names and phone numbers of references (OPTIONAL):

| | |
|---|---|
| [redacted] | [redacted] |
| [redacted] | [redacted] |

United States Department of Agriculture | Forest Service | Beaverhead-Deerlodge/ Gallatin/Custer National Forests | Zone Human Resource Office
P. O. Box 130
Bozeman, MT 59771-0130

**File Code:** 6130 **Date:** July 7, 2003
**Route To:**

**Subject:** Promotion

**To:** Kim Lange

Congratulations Kim!

This confirms your promotion as a Realty Specialist, GS-1170-09 on the Beaverhead-Deerlodge National Forest, Supervisors Office, with a duty station at Butte, Montana. The effective date is July 13, 2003. Your tour of duty will be permanent full-time. This position has no known promotion potential. This position is included in the bargaining unit. Your supervisor, Gary Howard will develop your performance standards and training plan within 30 days.

If you have any questions, please feel free to contact Sue Grunenwald at (406) 587-6783. Congratulations on your promotion!

/s/ Debbie Gibson

DEBBIE GIBSON
Employment Officer

cc: OPF
B&F
Staffing File
Gary Howard

RECEIVED
JUL 28 2003
U.S. ATTORNEY'S OFFICE
BILLINGS, MONTANA

Gregory C. Black
CORETTE POHLMAN & KEBE
129 West Park Street
P.O. Box 509
Butte, Montana 59703
Telephone: (406) 782-5800
Facsimile: (406) 723-8919

Attorneys for Plaintiff

COPY

FILED
BUTTE, MT
2003 JUL 24 PM 4 25
PATRICK E. DUFFY, CLERK
BY ____________
DEPUTY CLERK

RECEIVED
AUG 01 2003
OGC MISSOULA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

TERESA KIM LANGE,
Plaintiff,

-vs-

ANN M. VENEMAN, SECRETARY, UNITED STATES DEPARTMENT OF AGRICULTURE, FOREST SERVICE;
Defendant.

No. CV-03-61-BU-RFC

COMPLAINT AND DEMAND FOR JURY TRIAL

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## JURISDICTION

1.

This court has jurisdiction over this matter pursuant to 28 USC §1331, together with 29 USC §206(d) and 42 USC §2000(e-2). This complaint states causes of action under Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991 and the Equal Pay in Employment Act, 29 USC §206(d).

## VENUE

2.

Venue of this court to entertain the issues raised in this complaint is appropriate under 42 USC §2000(e-5)(f)(3) because plaintiff's duties for the United States Forest Service ("Forest

Service") were performed for the Beaverhead-Deerlodge National Forest ("BDNF") in Butte, Montana.

PARTIES

3.

Plaintiff, Teresa Kim Lange ("Lange"), is a female who has been a federal employee since 1974. Lange has been a GS-802-7 Civil Engineering Technician since 1991. She has been Inspector Certified since 1993 and COR certified since 1997.

4.

The United States Department of Agriculture ("USDA") is an administrative agency of the United States Government with its principal offices located at the United States Department of Agriculture in Washington, D.C. Ann M. Veneman is the Secretary of the USDA and is named in her capacity as head of the USDA. In that capacity, Veneman oversees a certain agency known as the Forest Service.

5.

Within the time prescribed by law, plaintiff filed an informal EEO Complaint against the Forest Service alleging discrimination based upon her sex, reprisal and violations of the Equal Pay in Employment Act.

6.

Those complaints were not resolved on an informal basis, and on June 29, 2001, plaintiff timely filed a formal EEO complaint concerning sex discrimination, hostile work environment, reprisal and violations of the Equal Pay in Employment Act.

7.

USDA and Forest Service failed to timely respond to the formal EEO complaint, failed to timely investigate the informal complaint and has failed to timely provide a notice of final agency decision concerning this formal EEO complaint.

8.

Plaintiff has given written notice to USDA and Forest Service that due to its failures to timely participate, as required by law, in the formal EEO complaint process, plaintiff intended to file an action in federal district court prior to the issuance of a final agency decision. USDA and Forest Service have not responded to plaintiff's notice of intent to file court action.

9.

In 1997, at the urging of management, plaintiff devoted substantial time to become COR certified in her position. By obtaining her COR certification, plaintiff became a more valuable employee who could perform a wider range of duties as a Civil Engineering Technician.

10.

At the request of management, plaintiff prepared a position description with the assistance of her supervisor in an effort to describe accurately what duties plaintiff was performing. That position description was sent to personnel for classification. The results of that classification were received on October 3, 2000. The classification showed that plaintiff was performing GS-9 level work.

11.

A personnel officer advised management to either noncompetitively promote plaintiff or to redistribute her grade-controlling job duties. Management refused to noncompetitively promote plaintiff even though management had noncompetitively promoted males in the BDNF and other males within the region. Management attempted to rationalize its refusal to noncompetitively promote plaintiff on the basis that plaintiff did not perform her COR duties on a year-round basis, even though those duties are related to construction, and management was fully aware that construction work on the BDNF is seasonal only.

12.

In the BDNF, management had targeted the civil engineering personnel to have GS-7, GS-9 and GS-11 employees in the Butte office. The GS-7 and GS-9 positions were filled by females, and plaintiff qualified to fill the GS-9 targeted position. Nevertheless, management refused to consider a noncompetitive promotion for plaintiff.

13.

Plaintiff was an active participant in the National Federation of Federal Employees Local ("NFFE") in the BDNF. Plaintiff filed a union grievance concerning management's position in refusing to promote her, and plaintiff's participation in the union process was a protected activity. Management refused to complete the process outlined for grievances in the Master Agreement between NFFE and the Forest Service.

14.

Another male working for the Forest Service was promoted to a GS-9 level upon receipt of his COR certification.

COUNT I.

15.

Plaintiff incorporates paragraphs 1 - 14 of this complaint as if fully set forth herein.

16.

Plaintiff was treated differently in the terms and conditions of her employment by the management of the Forest Service on the basis of her sex. Plaintiff was also forced to work in a hostile work environment.

17.

As a direct and proximate result of such sex discrimination and hostile work environment, plaintiff has suffered and continues to suffer from severe emotional distress, humiliation and embarrassment and is entitled to other compensatory damages.

18.

As a direct and proximate result of such sex discrimination and hostile work environment, plaintiff was denied promotion and advancement and has suffered a loss of back pay, benefits and front pay, including interest on the back pay and benefits.

19.

As a direct and proximate result of such sex discrimination and hostile work environment, plaintiff has been forced to use annual leave and sick leave which she otherwise would not have had to use and could accumulate for future use.

COUNT II.

20.

Plaintiff realleges and incorporates by reference paragraphs 1 - 19 as if fully set forth herein.

21.

Plaintiff engaged in protected activity to address the discrimination and hostile work environment which she faced.

22.

Management of the Forest Service knew about plaintiff's protected activity.

23.

Forest Service employees took adverse actions against plaintiff in her employment which constituted reprisal for her protected EEO activity.

24.

As a direct and proximate result of such reprisal by the Forest Service, plaintiff has suffered and continues to suffer from severe emotional distress, humiliation and embarrassment and is entitled to other compensatory damages.

25.

As a direct and proximate result of such reprisal by the Forest Service, plaintiff was denied promotion and advancement and has suffered a loss of back pay, benefits and front pay, including interest on the back pay and benefits.

26.

As a direct and proximate result of such reprisal by the Forest Service, plaintiff has been forced to use annual leave and

sick leave which she otherwise would not have had to use and could accumulate for future use.

COUNT III.

27.

Plaintiff realleges and incorporates by reference paragraphs 1 - 26 as if fully set forth herein.

28.

Plaintiff performed the same duties as male GS-9 Civil Engineering Technicians, both in the BDNF and in other national forests.

29.

Despite performing duties at the GS-9 level, as shown by the classification of Lange's position description, management refused to properly compensate plaintiff for her job duties so performed. Males who performed duties higher than their GS level were noncompetitively promoted and properly compensated. An additional male engineering technician on the BDNF is paid at the GS-7 level and has the same job description as Lange, but cannot perform some of those job duties because he has not been able to pass required tests for certification to perform those duties.

30.

The Forest Service has violated the provisions of the Equal Pay in Employment Act. As a direct and proximate result of these violations, plaintiff is entitled to back pay and increased benefits, plus interest, during the time she should have been paid as a GS-9.

COUNT IV.

31.

Plaintiff realleges and incorporates by reference paragraphs 1 - 30 of this complaint as if fully set forth herein.

32.

Plaintiff has been forced to retain counsel to prosecute this action and is entitled to an award of attorney fees in this matter.

WHEREFORE, plaintiff respectfully requests the following relief:

1. For an award of back pay and benefits, with interest and front pay in an amount to be determined by the jury;

2. For an award of compensatory damages for the severe emotional distress, embarrassment and humiliation suffered by plaintiff as alleged;

3. For reinstatement of lost annual leave and sick leave which plaintiff was required to use;

4. For reasonable attorney fees in prosecuting this action;

5. To enjoin defendant to cease and desist all discriminatory and retaliatory action against plaintiff;

6. For costs of suit;

7. For all relief to which plaintiff is entitled.

DATED this 24 day of July, 2003.

CORETTE POHLMAN & KEBE

By [signature]
129 West Park Street
P.O. Box 509
Butte, Montana 59703
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable under 42 USC §1981(c).

DATED this 24 day of July, 2003.

CORETTE POHLMAN & KEBE

By [signature]
129 West Park Street
P.O. Box 509
Butte, Montana 59703

Attorneys for Plaintiff

# Memorandum

| Subject: | Date: |
|---|---|
| ***Teresa Kim Lange v. United States***<br>Cause No. CV 03-61-BU-RFC | February 4, 2005<br>2003V00191<br>TJC/lat |
| To:<br>Donna Steffensen<br>Supervisory Human Resource Specialist<br>U.S. Forest Service<br>P.O. Box 7669<br>Missoula, MT 59807 | From:<br>Timothy J. Cavan<br>Assistant U. S. Attorney<br>P.O. Box 1478<br>Billings, MT 59103<br>Telephone: (406) 247-4674<br>Fax: (406) 657-6989 |

Enclosed please find copies of the following:

ORDER, filed January 26, 2005.

Enclosures

cc: William W. Mercer
United States Attorney

Mark Lodine, Esq.
Office of General Counsel
Department of Agriculture
P.O. Box 7669
Missoula, MT 59807
Telephone: (406) 329-3066
Fax: (406) 329-3064

RECEIVED
JAN 27 2005
U.S. ATTORNEY'S OFFICE
BILLINGS, MONTANA

cc: WWM
LDG

FILED
BILLINGS DIV.
2005 JAN 26 AM 10 24
PATRICK E. DUFFY, CLERK
BY Susan L. Nybo
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| TERESA KIM LANGE, Plaintiff, | CV-03-61-BU-RFC |
| vs. | **ORDER** |
| ANN M. VENEMAN, SECRETARY, UNITED STATES DEPARTMENT OF AGRICULTURE, FOREST SERVICE, Defendants. | |

**INTRODUCTION**

Plaintiff Lange has asserted claims for discrimination based upon sex, retaliation, hostile work environment, and violations of the Equal Pay Act. The government now seeks summary judgment on all of Plaintiff's claims. The government argues that Lange elected a remedy under the collective bargaining agreement utilized on the Beaverhead Deerlodge National Forest (BDNF) to challenge her adverse employment action and cannot now assert a civil rights claim concerning that matter. In the alternative, the government seeks dismissal of Lange's claims because they were not timely filed and because they do not satisfy the legal requirements to state a claim. The government contends that Lange's claims for hostile work environment should be dismissed because they were not specifically alleged during the administrative phase of her EEO claims. Finally, the government seeks dismissal of Lange's Equal Pay Act claim based upon the



70

statute of limitations.

## FACTS

Lange has been an employee of the Forest Service since 1974, doing seasonal work until 1991. She obtained a GS-7 Civil Engineering Technician position in 1991. In 1995, Lange studied for the Engineering designation (ER Inspector) position. In 1997, Lange received a Contracting Officer Representative (COR) designation.

In 1998, 1999 and 2000, Lange's supervisors assigned her COR duties to perform. As a Forest Service employee, Lange's supervisors were obligated to ensure that her position description was at least 80% accurate. As a GS-7, Lange could perform COR duties, but was not supposed to do those more than 20% of the time to maintain the accuracy of her position description. Once Lange's position description was reclassified in 2000, it was determined that she had been exceeding the 20% limitation as a GS-7.

On June 15, 2000, Lange's position description was submitted to the personnel office for classification. Personnel was then given 90 days to classify Lange's position. Personnel could not complete the task by the deadline, and so asked Lange for an extension, to which she agreed. When the additional time expired and personnel had not completed the classification, Lange filed a grievance, doing so on September 29, 2000.

Personnel completed the classification process on October 3, 2000, determining that Lange was working as a GS-9 due to the amount of COR duties she was performing. Personnel advised management that it could either noncompetitively promote Lange to a GS-9 position or remove her COR duties. At an October 19, 2000 meeting, management advised Lange that her COR duties would be removed. At the meeting, Lange and her union representative asked that

management provide a workload analysis, reviewing the amount of work to be performed in engineering and addressing who would be performing those COR duties if removed from Lange.

Lange's removal of duties was formalized on October 24th, and provided to her on October 25th. The effective date for the change was November 5, 2000. Lange was informed that "[y]ou have the right to grieve this decision in accordance with the negotiated grievance procedure between the Forest Service and the National Federation of Federal Employees. If you choose to grieve, you should present your grievance in writing . . . within 30 days."

On November 3rd, Lange attended another meeting as part of the grievance process. During this meeting, management informed Lange that it would not reconsider its decision to remove her COR duties. Also during this meeting, another request was made to management to supply a workload analysis.

On November 21, 2000, Lange and the union filed a Notification of Intent to File Grievance, requesting an extension of time until January 15, 2001 to file a formal grievance, pending receipt of the requested workload analysis. On December 18, 2000, management denied Lange's request for a workload analysis. On December 20, 2000, Lange and the union filed a formal grievance. The grievance letter stated that "Ms. Lange is grieving . . . Noncompetitive Promotion because management decided to eliminate/ redistribute the grade-controlling duties instead of promoting her. This decision is arbitrary and capricious."

On January 18, 2001, management denied Lange's grievance on the basis that it had not been timely filed under the Master Agreement. In its denial letter, management informed Lange that if she disagreed with the decision, she could grieve the decision to the Forest Supervisor. On February 27, 2001, the union filed a Prenotification of Unfair Labor Practice Charge concerning

dismissal of the December 20, 2000 grievance.

On April 27, 2001, union representatives and management met concerning Lange. Management reiterated that it would not reconsider its decision to remove Lange's COR duties, but also stated that it would prepare a workload analysis, which would take about a year to complete. The workload analysis was never prepared by management.

In late April of 2001, Lange discovered that a male Civil Engineering Technician who had applied for and received a job was receiving an upgrade to GS-9 upon completion of his COR designation. Lange then filed informal and formal EEO complaints under the Civil Rights Act and claims of violation of the Equal Pay Act.

## SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. Rule 56(c) Fed. R. Civ. P. Once the moving party has satisfied his burden, he is entitled to summary judgment if the nonmoving party fails to designate, by affidavits, depositions, answers to interrogatories or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The Court must view the evidence in the light most favorable to the nonmoving party. *U.S. ex. rel. Anderson v. Northern Telecom*, 52 F.3d 810, 815 (9th Cir. 1995). All reasonable inferences must be drawn in favor of the nonmoving party, but such "inferences are limited to those upon which a reasonable jury might return a verdict." The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient. *Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216,

1221 (9th Cir. 1995).

The United States Supreme Court has determined that summary judgment is proper when a party with the ultimate burden of proof at trial is unable to produce evidence of an essential element of their claim. In *Celotex v. Catrett*, 477 U.S. 317, 322-323 (1986), the Supreme Court stated:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. "[T]h[e] standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)...." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

## ANALYSIS

### I. DID LANGE PROPERLY EXHAUST HER ADMINISTRATIVE REMEDIES REGARDING HER DISCRIMINATION AND RETALIATION CLAIMS?

Defendant argues that Lange failed to exhaust her administrative remedies through the negotiated grievance procedure prior to bringing suit. 5 U.S.C. § 7121(d) allows an aggrieved employee covered by a collective bargaining agreement to bring a grievance pursuant to the negotiated grievance process or through an EEO complaint, but not both. *See also Vinieratos v. United States*, 939 F.2d 762, 768 (9th Cir. 1991) ("[u]nder the terms of the Act, a federal employee who alleges employment discrimination must elect to pursue his claim under either a statutory procedure or a union-assisted negotiated grievance procedure; he cannot pursue both

avenues, and his election is irrevocable.") Moreover, once the matter has been the subject of a written grievance, the employee cannot pursue an action in federal court until she has fully exhausted the elected grievance process. *See e.g. American Federation of Government Employees, Local 2052 v. Reno*, 992 F.2d 331, 333-36 (D.C. Cir. 1993).

In this case, Lange concedes that if she "initiated a grievance concerning the merits of the removal of her COR duties, she could not thereafter file an EEO complaint concerning that same charge." Lange asserts, however, that her December 20, 2002 grievance "only dealt with management's failure to provide written justification for removing [her] COR duties, not whether such action was arbitrary and capricious." The Court disagrees.

Lange's grievance contained two parts. The first part, submitted on behalf of the union, addressed the Forest Service's refusal to perform a workload analysis. The second part, submitted by Lange, specifically related to management's removal of her grade-controlling COR duties and its refusal to promote her to a GS-9. This is a fact beyond dispute, evidenced by the language which both the union and Lange chose to reflect her grievance. For example, in the first part, the union characterized Lange's grievance as follows, "Ms. Lange is grieving Article 14(5) Noncompetitive Promotion because management decided to eliminate/redistribute the grade controlling duties instead of promoting her. This decision was arbitrary and capricious." In the second part, Lange entitled the nature of her grievance as "[m]anagement has the right to redistribute grade-controlling duties," and then went on to provide extensive detail of her COR certification process, the projects she had been assigned as a COR, and setting forth her objection to the removal of her COR duties rather than non-competitively promoting her to a GS-9. Lange's grievance also implied that her perceived unfair treatment was the result of her union