Gregory C. Black
CORETTE POHLMAN & KEBE
129 West Park Street
P.O. Box 509
Butte, Montana 59703
Telephone: (406) 782-5800
Facsimile: (406) 723-8919

Attorneys for Plaintiff

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| TERESA KIM LANGE, | * | |
| | * | No. 06-306C |
| Plaintiff, | * | Judge Mary Ellen Coster Williams |
| | * | |
| -vs- | * | |
| | * | **PLAINTIFF'S BRIEF IN** |
| MIKE JOHANNS, SECRETARY, | * | **OPPOSITION TO DEFENDANT'S** |
| UNITED STATES DEPARTMENT OF | * | **MOTION FOR PARTIAL DISMISSAL** |
| AGRICULTURE, FOREST SERVICE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

COMES NOW the plaintiff, Teresa Kim Lange ("Lange"), and submits the following Brief in Opposition to Defendant's Motion for Partial Dismissal.

I. INTRODUCTION

Lange seeks recovery under the Equal Pay in Employment Act, 29 USC § 206 ("EPA"). The gravamen of Lange's complaint is that she was encouraged by Forest Service management on the Beaverhead-Deerlodge National Forest (``BDNF'') in Montana to study for and pass necessary tests as a GS-7 engineering tech to become a Contracting Officer's Representative (``COR''). Complaint ¶6. After she passed her tests and became COR-certified on May 1, 1997, not June 1, 1997, as argued by defendant, (Defendant's Appendix "DA" 3), Lange was assigned

duties to utilize her COR qualifications. Her supervisor became concerned that she was working above her GS-7 level and requested a job classification in 2000. An agency personnel officer completed the job classification in October, 2000, concluding that Lange was performing GS-9 level work. Complaint ¶7.

When provided with that job classification, management was instructed either to promote Lange noncompetitively or to redistribute her grade-controlling job duties. DA 43. Management elected to do the latter, DA 53-53, although there was ongoing and projected work on the BDNF requiring COR-certified personnel involvement, DA 26, and management had noncompetitively promoted males on the BDNF. DA 29. Lange remained a GS-7 employee until receiving a GS-9 position on July 13, 2003. DA 59. In the meantime, a male employee working in the same office as Lange received an upgrade to a GS-9 position in April, 2001 when he received his COR certification. DA 28.

Lange filed an elective grievance based upon her applicable collective bargaining agreement in the fall of 2000. She later filed a required informal EEO complaint on May 8, 2001, complaining of discriminatory employment practices by defendant, including a violation of EPA. DA 89. When conciliation during the informal EEO process was unsuccessful, Lange filed her formal EEO Complaint, including a claim under EPA, with the agency on July 2, 2001 to satisfy the requirement that she exhaust her administrative remedies before proceeding to the EEOC or district court. DA 84.

Defendant failed to complete its investigation of Lange's EEO Complaint within 180 days as required by federal law. When Lange finally received the overdue investigation results, she requested a Final Agency Decision. Again, defendant failed to adhere to its time deadlines by almost a year in issuing the Final Agency Decision.

Once Lange received the required Final Agency Decision, she filed an action in federal district court on July 24, 2003, alleging disparate treatment and retaliation and separately alleging a violation of EPA. Lange's claims under Title VII were dismissed by the district court, and upon motion by defendant, her EPA claim was ordered transferred to this Court.

## II. SUMMARY OF DEFENDANT'S ARGUMENT

Defendant seeks dismissal of all of Lange's claims under the EPA, except for the time period July 24, 2000 - November 5, 2000, and only if her claims during that time period are found to have been willful violations under the EPA. Defendant premises its argument upon the notion that Lange's claims under the EPA prior to July 24, 2000 are barred by the statute of limitations because claims for unequal pay under the EPA are not subject to the continuing violations doctrine which would allow her to pursue claims more prior to the limitations period as long as one of her claims arose within the limitations period. Further, defendant contends that the recovery period for Lange's EPA claims ended on November 5, 2000, when her temporary detail into a GS-9 position terminated following the refusal of management to promote her and

instead remove her grade-controlling duties.

Defendant's motion addresses only the time periods for which Lange may seek recovery under the EPA, not the merits of her claim.

## III. SUMMARY OF PLAINTIFF'S ARGUMENTS

To counter Defendant's Motion for Partial Dismissal, plaintiff takes the following positions.

1. Plaintiff's claims for unequal pay commenced in 1997 and continued not only until November 5, 2000, but also until she actually received a GS-9 position on July 13, 2003.

2. Plaintiff's EPA claims are subject to the continuing violation doctrine, and not subject to dismissal under defendant's statute of limitations analysis.

3. The statute of limitations was tolled during the limitations period due to Lange pursuing required administrative relief under Title VII theories.

4. The doctrine of equitable tolling applies in this case to provide Lange relief from defendant's statute of limitations defense.

## IV. PLAINTIFF'S LEGAL ARGUMENTS

### A. Lange's EPA Recovery Period Runs From May 1,1997 to July 13, 2003.

Contrary to defendant's statements in its brief, Lange is contending that she received unequal pay from the time she became COR-certified on May 1, 1997 and was thereafter assigned duties using those qualifications and should have been receiving GS-9

pay until she actually received a GS-9 position on July 13, 2003. Defendant argues that Lange's EPA claims ended on November 5, 2000, after she was notified on October 25, 2000 that her grade-controlling COR duties were being removed and following a temporary detail into a GS-9 position where she was working when notified of management's decision.

Defendant's position misinterprets and misstates Lange's contentions. She has alleged that a male in her office on the BDNF received a GS-9 position once he became COR certified. Lange contends that she should be treated equally with her male contemporary in that she should have been paid as a GS-9 upon receiving COR certification on May 1, 1997 and began using those qualifications. Even though Lange's GS-9 duties were removed in the fall of 2000, Lange asserts that defendant violated the EPA by promoting a male into a GS-9 position based upon the requirement that he obtain COR certification while denying her a GS-9 position even though management encouraged her to obtain that certification and used her enhanced qualifications to perform GS-9 duties but did not pay her for those additional duties. Management used gender-based discrimination by removing GS-9 duties from her in the fall of 2000, while granting noncompetitive promotions to males on the BDNF and subsequently rewarding a male in her office with a promotion to a GS-9 position upon receiving COR certification. Had this not occurred, Lange additionally should have received a GS-9 position and enhanced wages and benefits from November, 2000 until she

finally received her GS-9 position on July 13, 2003. Lange should be allowed to seek damages for that time period as well as from May 1, 1997 to November 5, 2000, excluding her temporary detail into a GS-9 position in the fall of 2000.

B. Lange's EPA Claims Are Subject To The Continuing Violations Doctrine.

Defendant relies on Weber v. United States, 71 Fed.Cl. 717 (2006), along with Wells v. United States, 420 F.3d 1343 (Fed. Cir. 2005) and Brown Park Estates-Fairfield Wells v. United States, 127 F.3d 1449 (Fed. Cir. 1997), to assert that Lange's claims prior to July 24, 2000 for willful violations of the EPA and all of her claims for non-willful violations of the EPA are barred by the statute of limitations found at 29 U.S.C. §255. Defendant argues that these cases provide authority for the proposition that Lange cannot rely upon the continuing violations doctrine to extend the statute of limitations back to any period prior to July 24, 2000, three years before she filed her initial complaint in federal district court in Montana.

Lange contends that these cases are not binding on this Court on this issue. While Weber is a case from the Court of Federal Claims, it is not a case from the Federal Circuit Court of Appeals. As a result, Weber is not binding case authority on this Court. Wells and Brown Park Estates are cases from the Federal Circuit, but they do not involve claims under the EPA.

Further, National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002), and its progeny, should not be applied to this case.

That case was decided on June 10, 2002. By its own terms, that case was not stated to be applied retroactively. In the absence of a statement of retroactive application, that decision should only be applied prospectively, not to actions pending at the time of the decision.

Lange had already commenced her administrative actions over a year before, and as demonstrated below, there are contradictory regulations as to whether Lange was required to exhaust her administrative remedies for her EPA claim before proceeding to district court. The continuing violations doctrine had been recognized by courts in EPA cases at the time Lange started her administrative actions upon which this court action was ultimately based. See. e.g., Nealon v. Stone, 958 F.2d 584 (4th Cir. 1992). Morgan should not be applied retroactively to prevent Lange from relying upon the continuing violations doctrine which had been recognized in EPA law and which was binding authority in the Ninth Circuit for Title VII cases at the time Lange initiated her administrative process (See, infra).

C. Any Applicable Statute of Limitations Must Be Equitably Tolled or Extended by Equitable Estoppel.

To the extent that this Court determines that any of Lange's claims are otherwise barred by the statute of limitations, Lange asserts that any such limitations periods must equitably tolled for defendant's abject failure to meet its deadlines in response to Lange's mandatory exhaustion of her administrative remedies.

As a federal employee, Lange was required by 29 CFR §§1614.103 and 1614.105 to pursue her administrative remedies for both Title VII and EPA claims before the agency's Office of Civil Rights. Section 1614.103(a) requires all claims of discrimination based upon Title VII and the EPA to be processed per the requirements of Part 1614. Section 105(a) requires all sex-based discrimination claims to be started by contacting an EEO counselor to pursue informal counseling and conciliation ("Aggrieved persons ... must consult a Counselor prior to filing a complaint").

Lange properly initiated this required contact on May 8, 2001. After those efforts failed to resolve the matter, Lange filed her formal EEO Complaint alleging Title VII discrimination and violations of EPA against defendant on July 2, 2001. Under 29 CFR §1614.106(e)(2), defendant was required to complete its investigation of Lange's formal complaint within 180 days, or by January 2, 2002. In fact, that investigation was not completed and provided to Lange until May 30, 2002, 149 days after defendant's completion deadline.

Following the completion of the investigation, defendant was required to issue a Final Agency Decision within 60 days of when Lange's requested that decision. 29 CFR §1614.110. Lange made her request for a Final Agency Decision on July 19, 2002, DA 84, requiring that decision by defendant no later than September 17, 2002. Defendant did not issue its Final Agency Decision until July 21, 2003, and did not mail that decision until July 24,

2003. Based upon the mailing date of that Final Agency Decision, defendant was 310 days late in issuing the requested Final Agency Decision. In total, defendant was a combined 459 days late in completing its investigation and issuing a Final Agency Decision in response to Lange's EEO Complaint.

Lange acknowledges that 29 CFR §1614.408 seems to allow the filing of a civil action based upon the EPA regardless of whether or not an administrative claim is filed. However, Lange's Title VII claims could not be pursued in district court until after receipt of a Final Agency Decision. 29 CFR §1614.407. Section 408 is in conflict with Sections 103 and 105 to the extent that the latter sections require exhaustion of administrative remedies for EPA claims at the agency level before resorting to a civil action, while Section 408 seems to allow a civil action for an EPA claim before exhaustion of administrative remedies which a federal employee is required to pursue. In fact, when defendant finally issued its Final Agency Decision, the agency addressed and denied Lange's claims under EPA. DA 89-92. Further, there is no evidence in the record that Lange was advised that she could or should proceed directly to district court concerning her EPA claim, despite the exhaustion language of Sections 103 and 105, even while her administrative proceeding was still pending.

Lange combined her Title VII sex-based claims with her EPA claims in the mandatory pursuit of her administrative remedies under Sections 103 and 105. As she was required to await the agency's investigation and issuance of a Final Agency Decision

before she could pursue her Title VII claims, and because of the conflicting directions in Sections 103 and 105 compared to Section 408, Lange reasonably waited for defendant to comply with its time deadlines (missed by 459 days) in issuing a Final Agency Decision before filing an action in district court under both Title VII and EPA theories. The conflict in agency regulations shown above, coupled with defendant's complete failure timely to comply with its regulatory duty to process Lange's administrative are grounds for equitable tolling in this case.

Further, we point out that during the time Lange's administrative claims were file and pending, the Ninth Circuit Court of Appeal's decision in Morgan v. National Passenger R.R., 232 F.3d 1008, 1017-18 (9th Cir. 2000), approving the continuing violation doctrine to extend the statute of limitations in Title VII cases, was binding authority in federal cases in Montana. Lange reasonably relied upon that authority, as well as the exhaustion requirements of 19 CFR §§1614.103 and 105 in awaiting a Final Agency Decision before pursuing both her Title VII and EPA claims in district court.

The doctrine of equitable tolling has been recognized to apply in FLSA claims. See, e.g., Hickman v. United States, 43 Fed.Cl. 424, 427 (1999). That doctrine has also been explained by the United States Supreme Court in Irwin v. Dept. of Military Affairs, 498 U.S. 89 (1990).

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively

> pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

Id. at 96 (citations omitted)

The record is clear in this case that Lange actively pursued her remedies and complied with her filing deadlines in making informal and formal discrimination complaints based on Title VII and the EPA. Defendant engaged in misconduct to Lange's detriment by failing to meet it deadlines imposed by those same regulations. Lange also reasonably relied upon the regulations for federal employees which required her to exhaust her administrative remedies before proceeding to district court (Sections 103 and 105), even though a separate regulation (Section 408) contains contrary language regarding mandatory exhaustion. Nothing in the record suggests Lange was advised to proceed to district court on her EPA claim even though her administrative action was still pending, and she could not proceed to district court on her companion Title VII claims before receiving a Final Agency Decision.

Defendant can claim no prejudice, since it is not being subjected to any additional liability under this equitable tolling theory than if it had conducted its investigation and

issued its Final Agency Decision within the time periods required by the cited regulations. Defendant was certainly on notice as to the EPA claims, as they were contained in Lange's administrative complaint.

Likewise, the doctrine of equitable estoppel should be applied to prevent defendant from avoiding Lange's EPA claim while it failed to adhere to the deadlines imposed by the same regulations cited by defendant. When a defendant takes active steps to prevent a party from pleading on time, that defendant is subsequently estopped from asserting the statute of limitations. See, e.g., Cade v. Baxter Healthcare, 920 F.2d 446, 450-51 (7th Cir. 1990); Chao v. Virginia DOT, 157 F.Supp.2d 681, 696 (2001). Defendant should be barred from taking advantage of its own dilatory conduct for 459 days in failing to adhere to its regulatory deadlines.

At a minimum, if Lange's claim period is reduced in any manner by applying any statute of limitations, that statute of limitations should be extended for the 459 days defendant was abysmally tardy in meeting its required deadlines and responding to Lange's administrative EEO complaint, either under the doctrine of equitable tolling or equitable estoppel. More appropriately, the statute of limitations for Lange's EPA claims should be based on the date she initiated her informal EEO complaint, May 7, 2001, allowing her to recover GS-9 pay and

benefits back to May 7, 1998.

V. CONCLUSION

Lange seeks to recover under the EPA for what she should have been paid as a GS-9 engineering tech, instead of at a GS-7 level following her COR certification on May 1, 1997 until she received a GS-9 position on July 13, 2003. The recovery should be extended back to May 1, 1997 under the continuing violations doctrine and equitable tolling. If this Court does not accept that argument, the recovery period should be extended back to July 24, 1998 due to equitable tolling, or alternatively back to April 23, 1999, which is 459 days before July 24, 2000.

DATED this 3rd day of May, 2007.

CORETTE POHLMAN & KEBE

By /s/ GREGORY C. BLACK
129 West Park Street
P.O. Box 509
Butte, Montana 59703
Telephone: (406) 782-5800
Facsimile: 406) 723-8919
Attorneys for Plaintiff

**CERTIFICATION OF ELECTRONIC FILING**

I hereby certify that on the 3rd day of May, 2007, a copy of the foregoing *"Plaintiff's Brief in Opposition to Defendant's Motion for Partial Dismissal"* was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and that the parties may access this filing through the Court's system.

CORETTE POHLMAN & KEBE

/s/ Gregory C. Black