No. 06-306C (Judge Williams)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

TERESA KIM LANGE,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

STEVEN J. GILLINGHAM
Assistant Director

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 616-0333
Fax: (202) 514-8640

Attorneys for Defendant

OF COUNSEL:

TOM BARNETT
Attorney
Department of Agriculture

MAY 17, 2007

**TABLE OF CONTENTS**

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL . . . . . . . . . . . 1

I. The Court Lacks Jurisdiction To Entertain Ms. Lange's Claims . . . . . . . . . . . . . . . . . . . . 2

A. Ms. Lange's Claims After November 5, 2000 Are Not Equal Pay Act Claims . . . . . . . . . . . 2

B. The Court Lacks Jurisdiction To Entertain Ms. Lange's EPA Claims Because They Are Untimely . . . . . . . . . . . . . . . . . . . . 5

II. The Statute Of Limitations Should Not Be Tolled Or Extended By Equitable Estoppel . . . . . . . . . . . 7

III. Ms. Lange's Other Arguments Are Unavailing . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 16

## TABLE OF AUTHORITIES

**CASES:** **PAGES:**

Brown Park Estates-Fairfield Development Company v. United States,
127 F.3d 1449 (Fed. Cir. 1997) . . . . . . . . . . . . . . 5, 6

Chao v. Virginia DOT,
157 F. Supp. 2d 681 (E.D. Va. 2001) . . . . . . . . . . . . 12

Feng v. Sandrik,
636 F. Supp. 77 (N.D. Ill. 1986) . . . . . . . . . . . 13, 14

Frazer v. United States,
288 F.3d 1347 (Fed. Cir. 2002) . . . . . . . . . . . . . . 12

Ibrahim v. United States,
26 Cl. Ct. 359 (1992) . . . . . . . . . . . . . . . . . . 4

Irwin v. Department of Veterans Affairs,
498 U.S. 89 (1990) . . . . . . . . . . . . . . . . . . 7

Melanson v. Rantoul,
536 F. Supp. 271 (D.R.I. 1982) . . . . . . . . . . . . . . 13

Molden v. United States,
11 Cl. Ct. 604 (1987) . . . . . . . . . . . . . . . . . . 4

Morgan v. National Passenger Railroad,
232 F.3d 1008 (9th Cir. 2000) . . . . . . . . . . . . passim

National R.R. Passenger Corp. v. Morgan,
536 U.S. 101 (2002) . . . . . . . . . . . . . . . . . . 5

Nealon v. Stone,
958 F.2d 584 (4th Cir. 1992) . . . . . . . . . . . . . . 15

Nerseth v. United States,
17 Cl. Ct. 660, 664 (1989) . . . . . . . . . . . . . . . 11

Weber v. United States,
71 Fed. Cl. 717 (2006) . . . . . . . . . . . . . . . passim

Wells v. United States,
420 F.3d 1343 (Fed. Cir. 2005) . . . . . . . . . . . passim

**STATUTES:**

29 U.S.C. § 206 . . . . . . . . . . . . . . . . . . . . . . . . 1

29 U.S.C. 216(b) . . . . . . . . . . . . . . . . . . . . . . . 8

29 U.S.C. § 216(d)(1) . . . . . . . . . . . . . . . . . . . . . 3

29 U.S.C. § 255 . . . . . . . . . . . . . . . . . . . . . . . . 5

29 U.S.C.§ 255(a) . . . . . . . . . . . . . . . . . . . . . . 7, 8

**REGULATIONS:**

29 C.F.R. §§ 1614.103 and 1614.105 . . . . . . . . . . . . 11, 12

29 C.F.R. §1614.407 . . . . . . . . . . . . . . . . . . . . . 11

29 C.F.R. § 1614.408 . . . . . . . . . . . . . . . . . . . passim

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TERESA KIM LANGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-306C |
| | ) | (Judge Williams) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

Pursuant to Rule 7.2(c) of the Rules of this Court, defendant replies to plaintiff's response to our motion for partial dismissal of plaintiff's complaint.

In our motion to dismiss, we demonstrated that plaintiff's complaint is partially barred by the statute of limitations. Ms. Lange's complaint was not filed with the district court until July 24, 2003, well past the two-year statute of limitations for non-willful violations of the Equal Pay in Employment Act, 29 U.S.C. § 206 ("EPA"). We also demonstrated that the fact that Ms. Lange filed a grievance and an Equal Employment Opportunity ("EEO") administrative complaint before she filed her district court complaint on July 24, 2003, does not toll the statute of limitations. Thus, we demonstrated that the Court lacks jurisdiction to consider the claims in Ms. Lange's complaint, with the exception of the time period July 24, 2000 to September 24, 2000 for a willful violation, because she brings her claims to this Court well past the two-year statute of limitations for

non-willful violations, and three years for willful violations, and they are therefore, untimely.

In her response to our motion to dismiss, Ms. Lange contends that (1) her "claims for unequal pay commenced in 1997 and continued not only until November 5, 2000, but also until she actually received a GS-9 position on July 13, 2003," (2) her "EPA claims are subject to the continuing violation doctrine, and not subject to dismissal under defendant's statute of limitations analysis," (3) the statute of limitations was tolled because Ms. Lange pursued administrative remedies under Title VII; and (4) the doctrine of equitable tolling applies because the agency delayed in completing its investigation of Ms. Lange's claims and issuing a final decision. Pl. Res. at 4.[1/] Therefore, Ms. Lange asserts, her complaint is properly within this Court's jurisdiction. For the reasons set forth below, the Court must reject Ms. Lange's arguments and dismiss the complaint.

## I. The Court Lacks Jurisdiction To Entertain Ms. Lange's Claims

### A. Ms. Lange's Claims After November 5, 2000 Are Not Equal Pay Act Claims

Ms. Lange contends that, "[e]ven though [her] GS-9 duties were removed in the fall of 2000," her EPA claim continues until she received a GS-9 position, on July 13, 2003. Pl. Res. at 5.

---

[1/] "Pl. Res. ___" refers to the referenced page of plaintiff's response to our motion to dismiss.

She asserts that "Management used gender-based discrimination by removing GS-9 duties from her in the fall of 2000, while granting noncompetitive promotions to males on the BDNF and subsequently rewarding a male in her office with a promotion to a GS-9 position upon receiving COR certification." Id.

Ms. Lange's contentions are not allegations under the EPA. The EPA provides, in pertinent part:

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

29 U.S.C. § 216(d)(1).

Ms. Lange essentially contends that she should have been promoted to a GS-9 position when she obtained her COR certification, because another employee, who was male, was appointed to a GS-9 position when he obtained his COR certification. Id. She does not contend that, after the fall of 2000, when the GS-9 duties were admittedly removed from her, she performed work that required "skill, effort, and responsibility" equal to that of a male employee. Id.

Ms. Lange's allegation that she should have been appointed to a GS-9 position when she received her COR certification simply

because a male employee was appointed a GS-9 position when he obtained his COR certification does not establish a prima facie case of a violation of the EPA. To establish a prima facie case under the EPA, a plaintiff has the burden to show "that work has been performed similar to that performed by employees of the opposite sex involving equal skill, effort, and responsibility; that the work was performed under similar working conditions; and that the employer paid different wages to employees of opposite sexes for such work." Ibrahim v. United States, 26 Cl. Ct. 359 (1992); Molden v. United States, 11 Cl. Ct. 604 (1987).

Here, Ms. Lange does not allege that she performed work equal to that of a male employee after her COR duties were removed in the fall of 2000. Instead, she argues the opposite, that "[m]anagement used gender-based discrimination by removing GS-9 duties from her in the fall of 2000, while granting noncompetitive promotions to males on the BDNF and subsequently rewarding a male in her office with a promotion to a GS-9 position upon receiving COR certification." Pl. Res. at 5. Clearly, Ms. Lange does not allege the elements of an EPA claim, because she does not assert that the work she performed after the fall of 2000 was substantially the same as the work performed by a male employee. Because Ms. Lange's allegations here do not meet the prima facie test of an EPA claim, they must be dismissed. Id.

B. The Court Lacks Jurisdiction To Entertain Ms. Lange's EPA Claims Because They Are Untimely

As we established in our motion to dismiss, with the exception of the period of time from July 24 to September 24, 2000, the Court lacks jurisdiction to entertain Ms. Lange's EPA claims pursuant to 29 U.S.C. § 255. Under 29 U.S.C. § 255, as well as 29 C.F.R. § 1614.408, Ms. Lange's "[r]ecovery of back wages is limited to two years prior to the date of filing suit, or to three years if the violation is deemed willful . . . ." 29 C.F.R. § 1614.408. Because Ms. Lange filed her complaint in the district court on July 24, 2003, the amount of time she can claim for a willful violation of the EPA is from July 24, 2000 to September 24, 2000, a period of two months. The statute's two-year statute of limitations eliminates all of Ms. Lange's pay claims for a non-willful violation.

In her response to our motion, Ms. Lange contends that the decisions that we cited in support of our position, Weber v. United States, 71 Fed. Cl. 717 (2006), Wells v. United States, 420 F.3d 1343, 1345 (Fed. Cir. 2005), and Brown Park Estates-Fairfield Development Company v. United States, 127 F.3d 1449 (Fed. Cir. 1997), are not binding upon this Court. Pl. Res. at 6. She also asserts that the United States Supreme Court's decision in National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002) is not applicable here because it did not specifically state that it should be applied retroactively.

Without providing any analysis, Ms. Lange simply dismisses the holdings in the above cases, because (1) the Weber case was "not a case from the Federal Circuit Court of Appeals," and (2) the Wells and Brown Park cases did not involve the EPA. Pl. Res. at 6. As we explained in our motion, however, the Weber case also involved an EPA claim, and this Court, in interpreting the EPA's statute of limitations language, relied upon the Supreme Court's recent analysis in Morgan, involving a Title VII discrimination claim.

Ms. Lange does not argue with the Weber Court's legal analysis or its application of the holding in Morgan, but instead asserts that the Morgan decision does not apply because it does not state that it is "to be applied retroactively." Pl. Res. at 7. To the contrary, the Supreme Court applied its holding in Morgan to the facts of that case, and held that "We conclude that a Title VII plaintiff ... must file his charge within the appropriate time period . . . ." 536 U.S. at 122. Moreover, the Morgan decision was issued on June 10, 2002, thus providing Ms. Lange sufficient time within which to timely file a complaint in Federal court concerning either willful or non-willful violations occurring no earlier than June 10, 1999, or June 10, 2000, respectively.

## II. The Statute Of Limitations Should Not Be Tolled Or Extended By Equitable Estoppel

Ms. Lange argues that the statute of limitations for her EPA claims should be equitably tolled because of the agency's "abject failure to meet its deadlines in response to [her] mandatory exhaustion of her administrative remedies." Pl. Res. at 7 (emphasis added). As we explain below, the doctrine of equitable tolling does not apply in this case.

Ms. Lange's reliance upon Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990) in support of her argument for equitable tolling is misplaced. Pl. Res. at 10-11. In Irwin, as Ms. Lange correctly quotes, the United States Supreme Court held that the doctrine of equitable tolling could be applied when the complainant "has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass" or where the complainant "pursued his or her judicial remedies by filing a defective pleading during the statutory period." Id. at 96. Here, Ms. Lange was neither tricked by the agency into allowing the filing deadline to pass, nor did she pursue her judicial remedy until after the statutory period, when she filed her complaint with the district court. Thus, the Irwin decision does not support the application of equitable tolling in this case.

Clearly, there is nothing in either the regulatory language or in the agency's actions in allegedly failing to timely process her EPA administrative complaint that interfered with Ms. Lange's

ability to bring her EPA claim in Federal court within the limitations period.

Indeed, the statutory language pertaining to EPA civil actions is clear, and provides a strict two and three year statute of limitations for non-willful and willful violations, respectively. 29 U.S.C. § 255(a). Moreover, the Federal regulation governing EPA claims unequivocally states that:

> A complainant is authorized under section 16(b) of the Fair Labor Standards Act (29 U.S.C. 216(b)) to file a civil action in a court of competent jurisdiction within two years or, if the violation is willful, three years of the date of the alleged violation Of the Equal Pay Act **regardless of whether he or she pursued any administrative complaint processing. Recovery of back wages is limited to two years prior to the date of filing suit, or to three years if the violation is deemed willful . . . The filing of a complaint or appeal under this part shall not toll the time for filing a civil action.**

29 C.F.R. § 1614.408 (emphasis added). Ms. Lange does not attempt to demonstrate how the above regulatory language is unclear, or how it could have led her to believe that she should rely upon the administrative claims process to the exclusion of filing a civil action in Federal court. Equally important, the Federal regulation quoted above in 29 C.F.R. § 1614.408 limits the recovery of back wages in EPA violations to "**two years prior to the date of filing [a civil] suit, or to three years if the violation is deemed willful.**" 29 C.F.R. § 1614.408 (emphasis

added). Clearly, any recovery by Ms. Lange, assuming that she can prove a willful violation, is limited to the two month time period from July 24, 2000 to September 24, 2000.

Ms. Lange's argument that exhaustion of her EPA claims was "mandatory" before she could pursue her claim in Federal court also is contrary to the applicable regulation, namely 29 C.F.R. § 1614.408. Ms. Lange notes that the regulation "seems to allow the filing of a civil action based upon the EPA regardless of whether or not an administrative claim is filed." Pl. Res. at 9. In fact, that regulation is unambiguous in allowing Federal employees to bring EPA claims directly in Federal court without first pursuing administrative complaint processing.

The regulation provides that a Federal complaint may be filed within the limitations period regardless of whether the complainant pursued any administrative complaint processing. The regulation also states that the filing of a complaint or appeal under part 1614 shall not toll the time for filing a civil action. Thus, even if a Federal employee does initiate administrative complaint processing of an EPA claim, there is no requirement that the employee exhaust the complaint processing before filing their claim in Federal court. Id. Because section 1614.408 does not require administrative exhaustion before bringing a claim under the EPA, and, in fact, unambiguously

provides that the filing of an administrative complaint "shall not toll the time for filing a civil action," Ms. Lange is not entitled to equitable tolling of the statute of limitations pending her pursuit of administrative remedies. See Weber, 71 Fed. Cl. at 724 n. 11 (finding that plaintiff's filing of a formal EEO administrative complaint "does not toll the statute of limitations for her alleged violations of the EPA").

While section 1614 does provide an exhaustion requirement for other types of discrimination claims, there is no such requirement for EPA claims. Compare 29 C.F.R. §1614.407 (requiring federal employees bringing claims in federal court under Title VII, the Age Discrimination in Employment Act and the Rehabilitation Act to first exhaust the administrative complaint process) with 29 C.F.R. § 1614.407 (no exhaustion requirement for EPA claims). Ms. Lange, however, argues that section 1614.408 is in conflict with 29 C.F.R. §§ 1614.103 and 1614.105 "to the extent that the latter sections require exhaustion of administrative remedies for EPA claims at the agency level before resorting to a civil action." Pl. Res. at 9. A review of those regulations reveals no conflict whatsoever.

Part 1614.103 simply provides that administrative complaints brought by Federal employees for discrimination, including those brought under the EPA, "shall be processed in accordance with this part [1614]." Part 1614.105 provides the requirement for

pre-complaint counseling, including, as noted by Ms. Lange, Pl. Res. at 8, the requirement that Federal employees seek pre-complaint counseling before filing an administrative complaint. While it is clear that Part 1614 allows Federal employees to bring EPA claims for administrative processing, section 1614.408 specifically rejects any administrative exhaustion requirements for EPA claims. Consequently, there is nothing in the regulatory language that would support Ms. Lange's belief that she was required to exhaust her administrative claim before filing in Federal court. See Nerseth v. United States, 17 Cl. Ct. 660, 664 (1989) (rejecting plaintiffs' equitable tolling argument where "[t]here [was] nothing in the language of the [Fair Labor Standards Act] that would support plaintiffs' belief that the pursuit of administrative relief is a prerequisite to bringing an action in this Court").

Moreover, the facts of this case do not support equitable estoppel. Ms. Lange argues that the agency "was a combined 459 days late in completing its investigation and issuing a Final Agency Decision in response to Lange's EEO Complaint." Pl. Res. at 9. Ms. Lange, however, never claims that she was unaware of her cause of action or that she was somehow induced to forego filing her EPA complaint by some trick or misrepresentation by the agency. Instead, Ms. Lange simply relies upon the length of time it took the agency to process her claims. Neither equitable

estoppel nor equitable tolling is appropriate under such facts. See Frazer v. United States, 288 F.3d 1347, 1353-54 (Fed. Cir. 2002)("In the event of late-filed submissions, equitable tolling is available only when the lateness is attributable, at least in part, to misleading government action."); Chao v. Virginia DOT, 157 F. Supp. 2d 681, 696 (E.D. Va. 2001).

Finally, Ms. Lange's assertion that "[d]efendant can claim no prejudice" is irrelevant and incorrect. We need not demonstrate prejudice when a claim is barred by the statute of limitations. Nonetheless, defendant surely would be prejudiced should the Court extend the statutory and regulatory time period for Ms. Lange to file her EPA complaint. In that case, defendant would be exposed to liability in a case that it otherwise would not be exposed to. For this reason alone, defendant would be prejudiced if the Court were to apply the doctrine of equitable tolling.

## III. Ms. Lange's Other Arguments Are Unavailing

Ms. Lange also appears to argue that, even if there were no exhaustion requirement for her EPA claim, it was nevertheless reasonable for her to wait to file her EPA claim since she could not pursue her Title VII claim in Federal court until the agency issued its Final Agency Decision.[2/] Such an argument is

---

[2/] Even with respect to her Title VII claims, Ms. Lange was not required to wait for a Final Agency Decision, as she asserts. (Opposition at 9-10.) Section 1614.407 allows such claims to be pursued in Federal court "[a]fter 180 days from the date of filing an individual or class complaint if an appeal has not been

specifically excluded by 29 C.F.R. § 1614.408 ("The filing of a complaint or appeal under this part [1614] shall not toll the time for filing a civil action."). As the court explained in Feng v. Sandrik, 636 F. Supp. 77 (N.D. Ill. 1986)(rejecting a similar argument concerning an employee's failure to file an EPA claim while waiting for the EEOC to investigate her Title VII discrimination charge):

> The Fengs acknowledge that approximately five years passed between the time the cause of action accrued until the time they filed this suit, but argue that their EPA claims were timely filed since the filing of Marie's administrative Title VII complaint with the EEOC tolls the EPA limitations period. Other courts have rejected this proposition, see, e.g., Melanson v. Rantoul, 536 F. Supp. 271, 285 (D.R.I. 1982) and we do also. While Title VII and the Equal Pay Act provide similar protection to individuals victimized by gender-based salary discrimination, they also provide clearly independent avenues of relief. There is no requirement under the EPA that a party file any administrative claim as a pre-requisite to filing a complaint in federal district court. Nor is it required that a party pursue her Title VII remedies concurrently with her EPA claims. The Fengs could have filed the EPA action as soon as they discovered the salary discrepancy between Marie and Loyola's male assistant professors doing "equal work," but they chose instead to wait until disposition of her Title VII EEOC complaint. In doing so, they foreclosed independent statutory relief which would otherwise have been available. Although the pursuit of EPA claims while an

---

filed and final action has not been taken." Accordingly, Ms. Lange could have filed her Title VII claims in Federal court in January 2002.

> EEOC complaint based on the same factual situation is pending might seem counterproductive with respect to the goals of conciliation and compromise encouraged by Title VII, that is the remedial scheme with which Congress has left us.

Feng, 636 F. Supp. at 82-83. Similarly, in this case, there was no requirement that Ms. Lange first exhaust her Title VII claim before filing her EPA complaint in Federal court.

Ms. Lange also attempts to excuse her late filing by reliance upon the decision in Morgan v. National Passenger Railroad, 232 F.3d 1008, 1017-18 (9th Cir. 2000), which, as Ms. Lange states, applied the continuing violations doctrine to extend the statute of limitations in Title VII cases. Under the continuing claims doctrine, each instance of discriminatory pay alleged by a Federal employee under the EPA "[is] a discrete act which embodie[s] a separate cause of action for purposes of the Act's statute of limitations, and thus plaintiff c[an] not recover for discriminatory paychecks issued prior to the statutory time period on the theory that her claim [i]s based on the cumulative effects of individual acts." Weber, 71 Fed. Cl. at 717. See also Wells v. United States, 420 F.3d 1343, 1345 (Fed. Cir. 2005)("in order for the continuing claim doctrine to apply, the plaintiff's claim must be inherently susceptible to being broken down into a series of independent and distinct events or wrongs, each having its own associated damages ...."). However, Ms. Lange's difficulty is that most of the discrete acts

that might be considered "continuing claims" are barred by the statute of limitations.

Ms. Lange asserts that the Morgan decision "was binding authority in federal cases in Montana." Pl. Res. at 10. In relying upon Morgan, a Title VII case with distinct and different regulatory provisions, Ms. Lange ignores the specific regulatory language applicable to EPA cases, found in 29 C.F.R. § 1614.408. That section, as we explained above, provides that a civil action alleging a violation of the EPA may be filed within two years of the date of the alleged violation, or three years if the violation is willful, "regardless of whether he or she pursued any administrative complaint processing." 29 C.F.R. § 1614.408. Moreover, Ms. Lange's statement that she reasonably relied upon the Morgan decision, issued by the United States Court of Appeals for the Ninth Circuit, ignores the fact that the controlling appellate precedent here is the United States Court of Appeals for the Federal Circuit.[3/]

---

[3/] She also states that the continuing violations doctrine had been recognized and was "binding authority" in the Ninth Circuit Court of Appeals; however, she cites to a case from the Fourth Circuit Court of Appeals, Nealon v. Stone, 958 F.2d 584 (4th Cir. 1992). Id. In Nealon, the United States Court of Appeals for the Fourth Circuit held that an Army employee who alleged that the EPA violations against her were continuing for purposes of the statute of limitations, was "limited to recovering only those damages that accrued during three years prior to her filing suit." Id. (citing 29 U.S.C. § 255(a)). Thus, Ms. Lange fails to provide any case law to support her position.

## CONCLUSION

For the reasons stated above, and in our motion for partial dismissal, we respectfully request that the Court grant our motion, and dismiss Ms. Lange's claims for a non-willful violation of the EPA, and her claims for a willful violation of the EPA, with the exception of the time period from July 24, 2000 to September 24, 2000, with prejudice.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Steven J. Gillingham

STEVEN J. GILLINGHAM
Assistant Director

s/ Lauren S. Moore

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 616-0333
Fax: (202) 514-8640

Attorneys for Defendant

OF COUNSEL:

TOM BARNETT
Attorney
Department of Agriculture

MAY 17, 2007

**CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that on the 17th day of May, 2007, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and that the parties may access this filing through the Court's system.

/s/ Lauren S. Moore