# In the United States Court of Federal Claims

**No. 06-306C**
**(Filed July 19, 2007)**

| | | |
|---|---|---|
| **TERESA KIM LANGE,** **Plaintiff,** v. **THE UNITED STATES,** **Defendant.** | * | Equal Pay Act; Statute of Limitations; 29 U.S.C. § 255; Continuing Violation Doctrine; Equitable Tolling; Equitable Estoppel. |

Gregory C. Black, Corette Pohlman & Kebe, Butte, Montana, for Plaintiff.

Peter D. Keisler, Assistant Attorney General, with whom were David M. Cohen, Director, Brian M. Simkin, Assistant Director, and Lauren S. Moore, Attorney, United States Department of Justice, Commercial Litigation Branch, Civil Division, Washington, D.C., for Defendant.

## MEMORANDUM OPINION AND ORDER

WILLIAMS, Judge.

The instant action arises out of Plaintiff Teresa Kim Lange's employment at the United States Forest Service in the United States Department of Agriculture. Plaintiff seeks recovery of increased pay under the Equal Pay Act ("EPA") for over six years -- from May 1, 1997, to July 13, 2003. Plaintiff argues that from the time she became certified as a Contracting Officer's Representative ("COR") on May 1, 1997, she performed duties above her GS-7 level and was not adequately paid for that performance until she received a GS-9 position on July 13, 2003.

This case is before the Court on Defendant's motion for partial dismissal pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). Defendant contends that Plaintiff's pay claims are partially, if not completely, barred by the statute of limitations, 29 U.S.C. § 255, which provides that a cause of action under the EPA must be brought within two years of its accrual, or within three years if the violation was willful. Plaintiff filed suit in the United States District Court for the District of Montana on July 24, 2003, and because the District Court transferred her EPA claim to this Court, that date is considered the date of filing here.

Plaintiff invokes the "continuing violation" doctrine, arguing that her cause of action is single and continuing and that every incident of unequal pay is actionable so long as the last incident occurred within the statutory period. In the alternative, Plaintiff argues that even if the statute of limitations bars some of her claims, the doctrines of equitable tolling and equitable estoppel should apply to toll the limitations period.

For the reasons stated below, the Court finds that Plaintiff's EPA claims are not subject to the continuing violation doctrine. Rather, each deficient paycheck gives rise to a separate violation of the EPA, and each violation must have occurred within the limitations period in order to be actionable. Thus, 29 U.S.C. § 255 bars any claim arising prior to July 24, 2001, if the violation was not willful, or any claim arising prior to July 24, 2000, if the violation was willful.[1] The Court further finds that the doctrines of equitable estoppel and equitable tolling do not apply in this case.

## Background[2]

Plaintiff Teresa Kim Lange is a female who has been employed by the federal government since 1974. Def.'s Mot. at 2. In 1991, Ms. Lange was promoted to a GS-7 position. Id. She subsequently took and passed oral exams to become certified as a Contracting Officer's Representative ("COR"), and became COR-certified on May 1, 1997. Id. at 3; Pl.'s Opp'n. at 4-5.[3] Ms. Lange's COR certification enabled her to perform a wider range of duties. Def.'s Mot. at 3. In 1998, Ms. Lange was assigned as a COR to two mine reclamation projects where she performed duties she believed to be above her GS-7 classification. Id. Ms. Lange related these beliefs to her supervisor and other management personnel. In 1999, she became certified as an engineering representative for timber sale contracts. Id. In accordance with the instructions of the Engineering/ Lands Staff Officer, Ms. Lange sought the reclassification of her position in June, 2000. Id. at 4.

On September 24, 2000, Ms. Lange was temporarily promoted to a GS-9 position, effective until November 4, 2000. Def.'s Mot. at 5. On September 29, 2000, Ms. Lange filed a grievance with Forest Service Management contending that she was performing duties above a GS-7 level in her permanent position. Id. Ms. Lange's permanent position was re-classified as a GS-9 on October 3, 2000. Id. The Forest Service had the option of either redistributing Ms. Lange's grade-controlling duties or noncompetitively promoting her to a permanent GS-9 level. Id. On October 19, 2000, Ms. Lange was informed that her grade-controlling duties would be removed, and this was effected on

---

[1] The issue of whether the Forest Service's alleged EPA violations were willful is not presented by the instant motion.

[2] This background is derived from the Complaint, Defendant's Motion for Partial Dismissal ("Def.'s Mot.") and Plaintiff's Brief in Opposition to Defendant's Motion for Partial Dismissal ("Pl.'s Opp'n."), and should not be construed as findings of fact by the Court.

[3] The parties dispute whether Ms. Lange became COR-certified on May 1, 1997 or June 1, 1997.

October 24, 2000. Id. at 5-6. Ms. Lange returned to her GS-7 position on November 5, 2000. Id. at 6.

On May 8, 2001, Ms. Lange contacted an EEO counselor to pursue informal counseling and conciliation. Pl.'s Opp'n. at 2. On June 29, 2001, after her informal complaints were left unresolved, Ms. Lange filed a formal EEO complaint alleging sex discrimination, hostile work environment, reprisal, and violations of the EPA. Id. On July 13, 2003, Ms. Lange was selected for a GS-9 realty-specialist position. Def.'s Mot. at 6.

On July 24, 2003, Ms. Lange filed a complaint in the United States District Court for the District of Montana, alleging, among other things, a violation of the EPA. Id. She sought back pay dating back to the time she became COR-certified in 1997. Id. Ms. Lange's EPA claim was subsequently transferred to this Court on January 18, 2006, and she filed a complaint in this Court on April 20, 2006. Id.

## Discussion

This Court may exercise jurisdiction under the Equal Pay Act over claims filed within two years after the cause of action accrued, or three years if the violation was willful. See 29 U.S.C. § 255(a). A cause of action accrues for the purposes of the statute of limitations "when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." Brown Park Estates-Fairfield Dev. Co. v. United States, 127 F.3d 1449, 1455 (Fed. Cir. 1997).

Invoking the continuing violation doctrine, Plaintiff contends that she is entitled to bring suit on deficient paychecks dating back to 1997. The continuing violation doctrine covers cumulative wrongful conduct occurring over an extended period of time which constitutes a single violation that may not be broken down into individually actionable events or pinpointed to a particular date. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115 (2002).

The Court in Weber v. United States, 71 Fed. Cl. 717, 721 (2006) recently stated that for purposes of applying statutes of limitations,

> the underlying bases of claims may be conceptually classified . . . in a hierarchy from (1) a single discrete event, whether or not ill effects continue, to (2) continuing claims involving a series of distinct events or wrongs, and to (3) a continuing, or perhaps more accurately, a cumulative wrong involving a series of incidents.

In the first category, claims arising from a single discrete event are time-barred if not brought within the statute of limitations ascribed to the discrete event itself. See, e.g., Brown Park, 127 F.3d at 1456. In cases of continuing claims involving a series of distinct events or wrongs, separate causes of action accrue continually upon the successive occurrences of each distinct event or wrong, and

the only time-barred claims are those that arise outside the statutory period ascribed to the discrete wrongs individually. See Morgan, 536 U.S. at 114. Finally, cases involving a cumulative wrong made up of a series of incidents are not time-barred, so long as the last incident occurred within the applicable statutory period, as the violation is said to still be occurring. See id. at 117.

In analyzing whether a claim is made up of separate and continually accruing causes of action or a single continuing violation, the Supreme Court noted in Morgan that "[t]he emphasis 'should not be placed on mere continuity' but on 'whether any present *violation* exist[ed].'" Id. at 112 (quoting United Air Lines, Inc. v. Evans, 431 U.S. 553, 558 (1977)). A discrete violation arises at a given point in time from a single event giving rise in turn to an immediate cause of action -- for example "termination, failure to promote, denial of transfer, or refusal to hire." Id. at 114. By contrast, a violation which consists of the "cumulative effect of individual acts" such as a hostile work environment claim "[cannot] be said to occur on a particular day" and each act "may not be actionable on [its] own." Id. at 115. In this case, the violation consists of the Government's issuance of allegedly inadequate paychecks. Thus, Plaintiff's situation falls under the second grouping of the Weber hierarchy as "involving a series of distinct events or wrongs," each giving rise to a separate cause of action. Weber, 71 Fed. Cl. at 721. Unlike the Morgan hostile work environment claim, where the individual incidents comprising the violation were not necessarily actionable on their own or ascertainable as occurring on a particular day, each individual paycheck here constitutes a discrete and actionable violation which can be pinpointed to a specific date.[4] Accord Ledbetter v. Goodyear Tire & Rubber Co., 127 S. Ct. 2162, 2164 (2007), (denying the application of the continuing violation doctrine to Title VII pay claims arising outside the 180-day Equal Employment Opportunity Commission charging period, on the grounds that the clock began to run from the date of each discrete alleged wrongdoing, regardless of whether its effects carried forward into the charging period).

In sum, each time Ms. Lange received an inadequate paycheck, a separate cause of action accrued. Weber, 71 Fed. Cl. at 723-24 (citing Friedman v. United States, 310 F.2d 381, 385 (Ct. Cl. 1962); Brown Park, 127 F.3d at 1456). Any claims on paychecks issued over two years prior to July 23, 2004, or three years prior to that date if the government's conduct was willful, are time-barred.

---

[4] Plaintiff argues that Morgan should not apply retroactively in her case because she had already commenced her administrative actions over a year before Morgan was decided on June 10, 2002, and because the continuing violation doctrine was "recognized" in EPA cases and "binding" in Title VII cases when she commenced administrative action. See Pl.'s Opp'n. at 7. This misconstrues the state of law before Morgan. At the time Ms. Lange chose to pursue administrative remedies, there was precedent from the Supreme Court and the Federal Circuit holding that the continuing violation doctrine was not applicable to discrete discriminatory paychecks. In Bazemore v. Friday, 478 U.S. 385, 395 (1986), the Supreme Court held that a separate cause of action accrues each time the government issues an unlawful paycheck by failing to pay the proper amount owed because "[e]ach week's paycheck that delivers less to a black than to a similarly situated white is a wrong actionable under Title VII." See also, Brown Park, 127 F.3d at 1457, (citing Hart v. United States, 910 F.2d 815 (Fed. Cir. 1990); Lane v. United States, 208 Ct. Cl. 955 (1975)).

**Equitable Tolling**

It appears that the doctrine of equitable tolling can be applied to the EPA's statute of limitations, 29 U.S.C. § 255.[5] As the Court of Federal Claims recognized in Christofferson v. United States, 64 Fed. Cl. 316, 326 (2005):

> the weight of authority favors equitable tolling of FLSA claims. See Hickman v. United States, 43 Fed. Cl. 424, 427 (1999) (ruling that FLSA is subject to equitable tolling)[[6]]; Udvari v. United States, 28 Fed. Cl. 137, 139 (1993) (assuming equitable tolling of FLSA is permissible but declining to do so); see also Henchy v. City of Absecon, 148 F. Supp. 2d 435, 438 (D.N.J 2001) ("Read into every federal statute of limitation, including the FLSA, the equitable tolling doctrine applies . . . ."); Bureerong v. Uvawas, 922 F. Supp. 1450, 1463 (C.D.Cal 1996) (tolling FLSA limitations period); Reich v. S. New England Telecomm. Corp., 892 F. Supp. 389, 404 (D. Conn. 1995) (same)[[7]]; Kamens v. Summit Stainless, Inc., 586 F. Supp. 324, 328 (E.D. Pa. 1984) (tolling the FLSA limitations period and stating that the equitable tolling doctrine is read into every federal statute of limitation).

The Supreme Court has held that equitable tolling is allowed "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin, 498 U.S. at 96; MacLean, 454 F.3d at 1339; see Hickman, 43 Fed. Cl. at 427 fn. 4 (1999) (a "[p]laintiff [can] invoke equitable tolling . . . of the statute of limitations . . . by . . . showing that there was a defective pleading . . . showing that he has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass; or . . . showing that his injury was "inherently unknowable"). The doctrine of equitable tolling is designed to prevent unfairness to diligent plaintiffs, and courts "have generally been much less

---

[5] The Federal Circuit has not yet had occasion to decide whether equitable tolling is generally available under 28 U.S.C. § 2501. MacLean v. United States, 454 F.3d 1334, 1337 (Fed. Cir. 2006); Martinez v. United States, 333 F.3d 1295, 1318 (Fed. Cir. 2003) (en banc).

[6] Hickman was affirmed by the Federal Circuit, 232 F.3d 906 (Table) (Fed. Cir. 2000). The Ninth Circuit has also acknowledged that equitable tolling applies to the statute of limitations in 29 U.S.C. § 255(a). See O'Donnell v. Vencor Inc., 466 F.3d 1104, 1113 (9th Cir. 2006). Finally, in Ewer v. United States, 63 Fed. Cl. 396, 402 (2005), another suit brought under the FLSA, the Court discussed Hickman and explained, "[p]laintiffs correctly note that the FLSA limitations period is not a statute of repose; thus, principles of equitable tolling apply."

[7] Reich was also affirmed, 21 F.3d 58 (2d Cir. 1997).

forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." Irwin v. Dept. of Military Affairs, 498 U.S. 89, 96 (1990).

Plaintiff has not satisfied the requisites for invoking equitable tolling here. It is well established that equitable tolling must be strictly construed. Id. (Federal courts have typically applied equitable tolling only sparingly); Martinez, 333 F.3d at 1318 ("[E]quitable tolling against the federal government is a narrow doctrine.").

Plaintiff has not demonstrated either a compelling justification for her delay or that she acted with reasonable diligence. As Plaintiff was fully aware that she did not earn her requisite pay as of her first deficient paycheck, the government cannot be said to have concealed these facts from Plaintiff. Nor did Plaintiff allege facts which suggest that the government induced, misled or tricked her into delaying bringing suit in this Court. Nor was her inadequate pay inherently unknowable. Rather, it appears that Ms. Lange missed the filing deadline due to her mistaken belief that exhausting her administrative remedies was a mandatory prerequisite to filing an EPA action, a mistake which cannot be attributed to the government. This does not approach the requisite standard for applying equitable tolling -- a defendant actively misleading or preventing Plaintiff from asserting her rights. As the Third Circuit stated:

> [t]he tolling exception is not an open-ended invitation to the courts to disregard limitations periods simply because they bar what may be an otherwise meritorious cause.

Sch. Dist. of the City of Allentown v. Marshall, 657 F.2d 16, 20 (3d Cir. 1981).

Plaintiff argues that an apparent conflict in agency regulations regarding the mandatory exhaustion of administrative remedies, as well as Defendant's delays in processing her administrative complaints, warrant equitable tolling of the statute of limitations. Pl.'s Opp'n. at 10. Plaintiff asserts that she was required to pursue administrative remedies as a prerequisite to filing a civil action pursuant to 29 C.F.R. §§ 1614.103(a) and 1614.105(a), which require all sex-based discrimination claims to be initiated with the agency's EEO counselor to pursue informal counseling and conciliation. Pl.'s Opp'n. at 8. Although Ms. Lange initiated informal counseling and conciliation with the EEOC on May 8, 2001, nothing in these provisions mandates the filing of a formal EEO complaint as a prerequisite to bringing an EPA action.

Ms. Lange further argues that Defendant was required to complete its investigation of her complaint within 180 days under 29 C.F.R. § 1614.106(e)(2) and to issue a final agency decision within 60 days of her request under 29 C.F.R. § 1614.110. See Pl.'s Opp'n. at 8. Again, while these provisions impose requirements upon the Government once a formal EEO complaint is initiated, nothing in the regulations required Plaintiff to await the resolution of her administrative complaint prior to filing suit.

In contrast, the controlling regulation, 29 C.F.R. § 1614.408, authorizes a complainant to

proceed to file an EPA action directly in court without exhausting administrative remedies. Pursuant to 29 C.F.R. § 1614.408, a complainant may

> file a civil action in a court of competent jurisdiction within two years or, if the violation is willful, three years of the date of the alleged violation of the Equal Pay Act regardless of whether he or she pursued any administrative complaint processing.

29 C.F.R. § 1614.408 (emphasis added). Thus, under the clear language of 29 C.F.R. § 1614.408, which allows a complainant to file a claim in district court "regardless of whether he or she pursued any administrative complaint processing," Plaintiff was not required to exhaust administrative remedies prior to filing a civil action. As the Court noted in Weber, the plaintiff's "filing of a formal EEO administrative complaint . . . does not toll the statute of limitations for her alleged violations of the EPA." Weber, 71 Fed. Cl. at 724, n.11. See generally, Hickman v. United States, 10 Cl. Ct. 550, 552 (1986) ("courts uniformly have held that the mere filing of an administrative claim does not toll the statute of limitations imposed by section 255(a)," (citing Aguilar v. Clayton, 452 F. Supp. 896, 898 (E.D. Okla. 1978); Erickson v. New York Law School, 585 F. Supp. 209, 214 (S.D.N.Y. 1984))).

**Estoppel**

Ms. Lange further argues that the Government should be estopped from asserting the statute of limitations against her on the grounds that it "fail[ed] to adhere to its regulatory deadlines" and thus prevented her from pleading on time. Pl.'s Opp'n. at 12.

Equitable estoppel may be implicated "when the defendant takes active steps to prevent the plaintiff from suing in time." Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450-51 (7th Cir. 1990). In order for the doctrine of equitable estoppel to apply against the Government, at a minimum, the traditional elements of estoppel must be present. See Henry v. United States, 870 F.2d 634, 636 (Fed. Cir. 1989).[8] One of those elements requires that

> 'the party claiming the estoppel must have relied on its adversary's conduct...and that reliance must have been reasonable in that the party claiming the estoppel did not know nor should it have known that its adversary's conduct was misleading.'

Id. (quoting Heckler v. Cmty. Health Servs., 467 U.S. 51, 59 (1984)). In this case, Ms. Lange's filing delays resulted from her incorrect belief that she was required to exhaust administrative remedies prior to filing her EPA suit, rather than any misleading conduct by the government.

---

[8] It is well settled that when equitable estoppel is asserted against the government, some form of affirmative misconduct must be shown in addition to the traditional requirements of estoppel. E.g., Rumsfeld v. United Techs. Corp., 315 F.3d 1361, 1377 (Fed. Cir. 2003).

## Conclusion

Defendant's motion for partial dismissal is **GRANTED**. A telephonic status conference is scheduled for **July 24, 2007, at 3:30 p.m.**

s/ Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**